**In re Multidistrict Private Civil Treble Damage Litigation Involving GYPSUM WALLBOARD.**

**No. 14.**

Judicial Panel on Multidistrict Litigation.

Feb. 27, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

When the defendants filed their motion seeking coordinated or consolidated pretrial proceedings there were 49 cases pending in the above-captioned litigation, all but two of which had been filed in the Northern District of California and had been consolidated and assigned to the Honorable Alfonso J. Zirpoli. The other two cases had been filed in the Eastern District of Pennsylvania and had not been assigned to a specific judge.[1] After we had ordered a hearing on the motion, the State of Indiana commenced a similar action in the Northern District of Illinois. The hearing order was amended on our own initiative to include this new case.

All parties were represented at the hearing which was held in San Francisco.[2] Counsel for the California plaintiffs favor transfer of the three remaining cases to the Northern District of California for coordinated or consolidated pretrial proceedings. Counsel for the plaintiffs in these three cases do not oppose the proposed transfer of their cases to the Northern District of California. In substantially identical language all complaints charge a *nationwide* price and credit conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. It is thus undeniable that common questions of fact are present. In selecting the Southern District of New York as the most appropriate transferee court in the *protection device litigation,* we thought it significant that 79 percent of the cases were pending in that court and had been assigned to a single judge. In re Protection Devices and Equipment, etc., 295 F.Supp. 39 (Jud.Pan.Mult.Lit. 1968). Here, 94 percent of the cases are pending in the Northern District of California and have been assigned to Judge Zirpoli who has been expertly supervising massive pretrial discovery. We think it manifest that the convenience of parties and witnesses and the just and efficient conduct of all these actions will be furthered by a transfer of the three remaining cases to the Northern District of California.

It is therefore ordered that the three cases listed below be and the same are hereby transferred pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings to the Northern District of California and with the consent of that court, heretofore filed with the Clerk of the Panel, assigned to the Honorable Alfonso J. Zirpoli:

Philadelphia Housing Authority v. Fibreboard Corp., et al., Pa. No. 68–2033

City of Philadelphia and Board of Public Institution for Dade County,

---

1. The cases were subsequently assigned to the Honorable E. Mac Troutman and although a motion to dismiss the class action was filed it has not been argued or briefed. There is no reason why the class action determination cannot be as readily made by the transferee court. Cf. In re Plumbing Fixture Cases, 298 F. Supp. 484 (Jud.Pan.Mult.Lit.1968).

2. The Georgia Pacific Corporation, a defendant in some of the cases, did not join with the other defendants in the original motion nor was it represented at our hearing. We were advised that this defendant does not oppose the proposed transfer.

Florida v. Fibreboard Corp., at al., Pa., E., No. 68–2400

The State of Indiana, etc. v. Fibreboard Corp., et al., Ill., N., No. 69C 22.