**In re Multidistrict Private Civil Treble Damage Litigation Involving GYPSUM WALLBOARD.**

**No. 14.**

Judicial Panel on Multidistrict Litigation.

May 22, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFIELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

Following a hearing in San Francisco, the Panel ordered three cases pending in different districts transferred to the Northern District of California for coordinated or consolidated pretrial proceedings. In re Gypsum Wallboard cases, 297 F.Supp. 1350 (Jud.Pan.Mult.Lit. 1969). At the hearing, the Panel was informed that a related case, Fred Roundy v. Kaiser Gypsum Co., Inc. et al., had been filed in the Western District of Washington, but since counsel for all parties in that case had not been notified of the ·hearing and were not present, the *Roundy case* was not included in the February 27, 1969 order.

Counsel for one of the defendants subsequently provided the Clerk of the Panel with a copy of the complaint filed in the Western District of Washington. Due to the similarities between this complaint and others in this litigation a *conditional transfer order* was issued transferring this case to the Northern District of California for coordinated or consolidated pre-trial proceedings on the basis of the January 24, 1969 hearing and for the reasons stated in the February 27, 1969 Opinion and Order. The execution of this order was stayed ten days to allow any party opposing the transfer to file notice thereof with the Clerk of the Panel. This procedure expedites the transfer of those *tag-along cases* which are unopposed without depriving any party of its right to oppose the transfer, and if requested, to have a hearing with respect to its opposition. Before the expiration of the ten day stay, counsel for United States Gypsum filed its opposition to the proposed transfer and the stay was continued "until further order of this Panel." The plaintiff subsequently filed its opposition to the proposed transfer and two other defendants—Kaiser Gypsum and National Gypsum—have filed a joint reply supporting the proposed transfer. All parties have indicated that they wish this matter to be decided without oral argument and we will do so.

Counsel for plaintiff and the counsel for defendants U. S. Gypsum present substantially similar arguments in opposition to the proposed transfer. They contend the transfer of this case to the

Northern District of California is inappropriate because (1) the status of discovery in this case is far different from that in the other cases; (2) there are legal and factual differences between this case and the other cases; and (3) this case involves different defendants than do the other cases.

Both Roundy and U. S. Gypsum contend that there are factual and legal dissimilarities between this case and the others originally filed in or transferred to the Northern District of California. Roundy brings its action as an *excluded distributor* [1] and it may be that this case is not identical to the cases brought either by *end-users,* or by *purchasing wholesalers.* But neither the status of the plaintiff nor the legal basis for its action is conclusive on the transfer question. "The initial criteria is whether the litigation involves one or more common questions of fact." In re Cincinnati Air Disaster cases, 295 F.Supp. 51, (Jud.Pan. Mult.Lit., 1968). In at least two other cases the plaintiffs charge the defendants with excluding certain distributors in the furtherance of the alleged conspiracy.[2] In addition to the *exclusion question* which is thus common to at least three cases, questions of fact relating to the conspiracy, economic conditions, and prices are common to all these cases. Cf. In re Antibiotic Drugs, 295 F.Supp. 1402 (Jud.Pan.Mult.Lit., 1968).

The fact that two of the defendants in this case were not named in any other cases does not preclude transfer for "Section 1407 is not operative only where there is multidistrict litigation involving common plaintiffs or defendants." In re Cincinnati Air Disaster cases, *supra.* See also In re Library Editions of Children's Book cases, 299 F.Supp. 1139 (Jud.Pan.Mult.Lit., 1969).

Discovery in the San Francisco cases was well underway when the original three cases were transferred to the Northern District of California and assigned to Judge Alfonso J. Zirpoli. The transferred cases had only recently been filed and little if any, discovery had occurred in the transferor courts. This factor played an important part in our selection of the transferee court and the assignee judge. In re Gypsum Wallboard cases, *supra.* See also In re Plumbing Fixture cases, 295 F.Supp. 33 (Jud. Pan.Mult.Lit., 1968) and In re Fourth Class Postage Regulations cases, 298 F. Supp. 1326 (Jud.Pan.Mult.Lit., 1969). Nor is the fact that no discovery has taken place in this case a bar to the inclusion of this case in the San Francisco pretrial program for the transferee court can insure that all previous discovery is made available to new parties and can, if necessary, allow the new parties to supplement the discovery which has already taken place.[3]

1. The complaint charges, inter alia, a conspiracy:

> 7. (b) To refuse to sell gypsum wallboard to and in other ways to refuse to deal with distributors, wholesalers, and others whose activities would tend to introduce or increase price competition.
>
> (c) To deal exclusively with and through a small number of established wholesalers, thereby foreclosing competition in a substantial share of the line of commerce of gypsum wallboard and related products.
>
> \* \* \* \* \*
>
> (f) To refuse to sell gypsum wallboard except on condition that the buyer also purchase other types of building materials from the seller.

2. The complaint in Di-Wal Inc. et al. v. Kaiser Gypsum charges a conspiracy to "Eliminate Plaintiffs as distributors of

> Gypsum Wallboard and related products \* \* \*" while the complaint in Alta Building Material, Inc. et al., v. Fibreboard Corporation et al. alleges a conspiracy "To exclude gypsum wallboard distributors from substantial access to market and eliminate competition from and between said distributors by selling directly to contractors and applicators \* \* \*."

3. An even more recent case, Chicago Housing Authority v. Fibreboard, was transferred, without objection, from the Northern District of Illinois to the Northern District of California on April 1, 1969 and a case was filed on April 11, 1969, in that court by the State of Oregon. None of the parties, to our knowledge, suggested that they will be prejudiced by inclusion in the discovery program.

Roundy's counsel candidly admits he intends to use much of the discovery emanating from the consolidated and coordinated pretrial proceedings in the Northern District of California. Such use might enable *Roundy* to get an earlier trial in Washington, but not without additional discovery there which would duplicate further discovery in the consolidated pretrial proceedings.

In sum, the statutory criteria for transfer of this case to the Northern District of California have been satisfied:

substantial common questions of fact exists, transfer will generally benefit the parties and witnesses, and the just and efficient conduct of this litigation will be furthered by the transfer.

The motion to vacate the *conditional transfer order* of March 20, 1969 is denied; the stay of that order is hereby lifted and the Clerk of the Panel is directed to transmit that order forthwith to the Clerk of the Northern District of California for filing and distribution pursuant to Section 1407.