### In re West of the Rockies CONCRETE PIPE Antitrust Cases.
### No. 25.

Judicial Panel on Multidistrict Litigation.

Aug. 28, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

On June 4, 1969 the majority of the defendants [1] in the *State of Utah case* filed a motion with the Panel to trans-

---

* Judges Wisdom and Lord were unable to attend the hearing in Denver, Colorado but with the consent of all parties represented at the hearing, they have participated in the decision in this matter.

1. Kaiser Steel Corporation, U. S. Industries, Inc., American Pipe & Construction Co., Smith Scott Company, Inc., United Concrete Pipe Corp., and United States Steel Corporation.

fer that case from the District of Utah to the Central District of California for assignment to Judge Martin Pence[2] for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. After notice to all parties, a hearing was held in Denver on July 25, 1969 and all parties presented their arguments in support of, or in opposition to, the proposed transfer.

The moving defendants make a strong argument in support of their motion to transfer this case for coordinated or consolidated pretrial proceedings. They first point out that the *West of the Rockies Pipe* litigation involves more than 100 actions and more than 350 plaintiffs. These cases, originally filed in eight different district courts within the Ninth Circuit, have all been assigned to Judge Pence and he has actively supervised coordinated pretrial proceedings with the result that the earlier cases have now been settled.

We thought that this litigation was at an end[3] but the actions listed on Schedule A were all filed within the past year. With the exception of the *State of Utah case* these new cases will be automatically assigned to Judge Pence and their discovery will be coordinated by him. Judge Pence's familiarity with this litigation, the prior discovery and the problems relating thereto, is unequalled and we believe that the assignment of the *State of Utah* case to

him will clearly serve the convenience of parties and witnesses and will promote the just and efficient conduct of these cases.[4]

Since Judge Martin Pence has been assigned to many districts within the Ninth Circuit, coordinated or consolidated pretrial proceedings in the *State of Utah case* could be achieved by transferring that case to any of those districts. We believe the Central District of California is the most appropriate transferee court because original criminal proceedings were held there, substantial discovery and document production has occurred there, the majority of the new cases were filed there and many of the corporate defendants have their principal place of business in the Los Angeles area.

Transfer of this case for coordinated or consolidated pretrial proceedings is strongly opposed by the two local defendants—Utah Concrete Pipe Company and W. R. White Company.[5] The basis for their opposition is the assertion that they have had minimal sales outside of the State of Utah and were not named in any other civil action or in any of the indictments. They conclude that there can be no questions of fact common to their case and any of the other actions. This argument overlooks the fact that they and the other defendants are charged with participating in a

2. Judge Pence is Chief Judge of the District of Hawaii and has previously been assigned by the Chief Judge of the Ninth Circuit to various districts within that circuit and all *West Coast Pipe cases* filed within the Ninth Circuit have been assigned to him.

3. See In re Concrete Pipe cases, 297 F. Supp. 1125 (Jud.Pan.Mult.Lit.1968)

4. The *State of Utah case* was brought as a class action on behalf of "all other states in the Western Area * * * which have not previously filed a similar action including the states of Wyoming, Nevada, and Idaho and (including) those public bodies and agencies of state and local governments in said states who are end users of pipe acquired from the defendants, co-conspirators and others." The

plaintiffs readily concede that Judge Pence is best able to resolve the class action issue because of his personal knowledge of the individual and class actions already involved in this litigation. Judge A. Sherman Christensen to whom the *State of Utah case* was originally assigned has deferred action on the class action request pending Panel decision on the instant motion and we believe that the resolution of the class action dispute can be best made by Judge Pence following transfer of this case to him. *Cf.* In re Plumbing Fixture cases, 298 F.Supp. 484 (Jud.Pan.Mult.Lit.1968).

5. They do not oppose transfer of the action *provided that* the claims against them are severed and left in the District of Utah. The plaintiff strongly opposes such a fragmentation of its case.

combination and conspiracy to (1) submit collusive and rigged bids, (2) to allocate and divide orders and (3) to refrain from competing—not only within the State of Utah but within the *entire Western Area*. The existence and nature of the alleged conspiracy and the part these two defendants played in it are *common questions* of paramount importance.

The local defendants also contend that the transfer of the claims against them to a distant forum would impose an unjustifiable financial burden on them. We are satisfied that any additional burden will be offset by the savings from and convenience of coordinated or consolidated pretrial proceedings directed by the transferee judge. In re Antibiotic Drugs, 295 F.Supp. 1402, 1404 (Jud.Pan. Mult.Lit.1968). The transferee court may of course exercise its discretion in scheduling pretrial proceedings in a manner which will protect the legitimate interests of all defendants in the apportionment of the cost of litigation. In re Concrete Pipe Litigation (East of the Rockies) 302 F.Supp. 244 (Jud. Pan.Mult.Lit., May 23, 1969).

In sum, it is clear that the transfer of this case to the Central District of California and its assignment to Judge Martin Pence [6] for coordinated or consolidated pretrial proceedings will serve the overall convenience of the parties and witnesses in this litigation and will promote the just and efficient conduct of these actions.

It is therefore ordered that the *State of Utah* case listed on Schedule A be and the same is hereby transferred to the Central District of California and with the consent of that court assigned to Judge Martin Pence.

## SCHEDULE A

### District of Utah

| | | |
|---|---|---|
| 1. | State of Utah v. American Pipe & Construction Company, et al. | Civil Action No. C–177–69 |

### Central District of California

| | | |
|---|---|---|
| 2. | Hadley-Cherry, Inc. v. American Pipe & Construction Company, et al. | Civil Action No. 69–907 |
| 3. | Volk-McLain Communities, Inc. v. American Pipe & Construction Company, et al. | Civil Action No. 68–2058 |
| 4. | Crescenta Valley County Water District v. American Pipe & Construction Company, et al. | Civil Action No. 69–951 |
| 5. | Sierra Western Corporation, et al. v. American Pipe & Construction Company, et al. | Civil Action No. 69–1008 |
| 6. | Hurst Concrete Products, Inc. v. American Pipe and Construction Company, et al. | Civil Action No. 68–1625 |

### District of Arizona

| | | |
|---|---|---|
| 7. | Maricopa County v. American Pipe & Construction Company, et al. | Civil Action No. 69–149–Phx |

6. Judge Pence has expressed his willingness to accept assignment of this case and the Central District of California through its Chief Judge has consented to the assignment. This consent has been filed with the clerk of the Panel.