**In re Multidistrict Private Civil Treble Damage Litigation Involving WESTERN LIQUID ASPHALT.**

**No. 24.**

Judicial Panel on Multidistrict Litigation.

Aug. 22, 1969.

As Amended Oct. 1, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

---

\* Judges Wisdom and Lord were unable to attend the hearing in Denver, Colorado but with the consent of all parties represented at the hearing, they have participated in this decision.

1. Dean Miller v. Union Oil Company of California, et al., No. 48391; Cascade Construction Co., Inc. v. Standard Oil Company of California, et al., No. 49638; Pioneer Construction Company, Inc. v. Standard Oil Company of California, et al., No. 49808; Page Paving Company v. Standard Oil Company of California, et al., No. 50307; State of New Mexico v. American Petrofina, Inc., et al., No. 50709; and Klamath County, Oregon v.

## OPINION AND ORDER

**PER CURIAM.**

On May 29, 1969 the plaintiffs in six liquid asphalt antitrust actions pending in the United States District Court for the Northern District of California [1] filed a joint motion with the Panel to transfer all such actions to the Northern District of California for coordinated pretrial proceedings under 28 U.S.C. § 1407. At that time there were four other similar cases pending in the Northern District of California [2] and single cases pending in the Western District of Washington [3] and the District of New Mexico.[4] All parties apparently now concede that the government action filed in the District of New Mexico is statutorily excluded from transfer under Section 1407 (g). In essence then, the motion was to transfer a single case—the *State of Washington Case*—from the Western District of Washington to the Northern District of California for coordination or consolidation with the ten cases originally filed there. In our order setting this matter for hearing in Denver, Colorado on July 25, 1969, we added, on our own initiative, the three cases listed on Schedule B.

At the hearing and in their prior response to the motion, the defendants contended, *inter alia*, that the moving plaintiffs lacked standing to make such a motion because they are not parties in any of the actions which will be transferred if the motion is granted. Section 1407 (c) (ii) provides that an action can be

Standard Oil Company of California, et al., No. 51258.

2. State of California, et al. v. Standard Oil Company of California, et al., No. 51107; State of Oregon v. Standard Oil Company of California, et al., No. 50173; State of Arizona v. American Petrofina, Inc., et al., No. 51092; and City & County of San Francisco v. Union Oil Company of California, et al., No. 51331.

3. State of Washington v. Chevron Asphalt Company, et al., No. 3846.

4. United States of America v. Continental Oil Company, et al., No. 8026.

transferred by "motion filed with the panel by a party in any action in which *transfer* for coordinated or consolidated pretrial proceedings under this section may be appropriate." [Emphasis added.] Since the moving plaintiffs are not parties in any action in which *transfer* is contemplated, we believe they lack standing to file such a motion. Their motion will therefore be denied.

In their response to the foregoing motion, the plaintiffs in the *State of Washington Case* requested the Panel to transfer certain of the cases pending in the Northern District of California to the Western District of Washington for coordinated or consolidated pretrial proceedings under Section 1407. As the State of Washington is not a party to any of the cases pending in the Northern District of California, it likewise lacks standing to make such a motion. This motion will also be denied.

At the hearing, several conditional, alternative and somewhat ambiguous motions were made by the parties including: a motion by the plaintiffs in the *State of Washington Case* to transfer that action to the Northern District of California; a motion by the original moving plaintiffs to transfer all such cases to the Western District of Washington; and a suggestion that the *State of New Mexico Case* be transferred to the District of New Mexico under Section 1407. These motions will all be denied because of their ambiguity and complete lack of factual or legal support.[5]

None of the parties in the three cases added by the Panel on its own initiative (see Schedule B) favor the transfer of any of these cases for coordinated or consolidated pretrial proceeding. We are convinced that transfer of the *State of Kansas* or the *State of Hawaii Cases* would not promote their just and efficient conduct and decline to order such a transfer. At the request of the parties, the decision on the question of whether the *Master-Krete Case* should be transferred will be deferred for sixty days.

It is therefore ordered that all pending motions to transfer any of the cases under Section 1407 are hereby denied.

It is further ordered that on September 26, 1969, a hearing shall be held on the initiative of the Panel to consider the transfer of the cases listed on Schedule A to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. All parties are invited to file supplemental memoranda in support of or in opposition to the proposed transfer on or before September 2, 1969. Counsel for all parties supporting transfer and counsel for all parties opposing transfer of the cases on Schedule A should meet separately prior to the hearing for the purpose of organizing their arguments and selecting spokesmen to present all views without duplication. The setting of this matter for hearing does not affect or suspend orders and discovery proceedings in the district courts in which this litigation is now pending.

It is further ordered that the Clerk of the Judicial Panel on Multidistrict Litigation shall forward a copy of this opinion and order to all counsel for all parties in this litigation.

SCHEDULE A

### Southern District of California

1. City of San Diego v. Union Oil Company of California, et al.　　Civil Action No. 69–176–K

---

5. We of course express no opinion as to the merits of the pending motion to transfer the State of New Mexico Case under section 1404(a).

## SCHEDULE A

### Western District of Washington

2. State of Washington, et al. v. Chevron Asphalt
Company, et al. — Civil Action No. 3846

### District of Alaska

3. The State of Alaska v. Chevron Asphalt Co.,
et al. — Civil Action No. A–92–69 CIV

### District of Arizona

4. Maricopa County v. American Petrofina Inc.,
et al. — Civil Action No. 69–355–Phx

## SCHEDULE B

### Western District of Missouri

1. Master-Krete, Inc., et al. v. Chevron Asphalt
Company, et al. — Civil Action No. 16060

### District of Hawaii

2. State of Hawaii v. Standard Oil Company of
California, et al. — Civil Action No. 2826

### District of Kansas

3. State of Kansas v. Phillips Petroleum, et al. — Civil Action No. T–4363

## SCHEDULE C

### Northern District of California

1. Dean Miller v. Union Oil Company of California, et al. — Civil Action No. 48391
2. Cascade Construction Co., Inc. v. Standard Oil Company of California, et al. — Civil Action No. 49638
3. Pioneer Construction Co., Inc. v. Standard Oil Company of California, et al. — Civil Action No. 49808
4. Page Paving Company v. Standard Oil Company of California, et al. — Civil Action No. 50307
5. State of New Mexico, etc. v. American Petrofina, Inc., et al. — Civil Action No. 50709
6. Klamath County, Oregon v. Standard Oil Company of California, et al. — Civil Action No. 51258
7. State of California, etc. v. Standard Oil Company of California, et al. — Civil Action No. 51107
8. State of Oregon v. Standard Oil Company of California, et al. — Civil Action No. 50173
9. State of Arizona, etc. v. American Petrofina, Inc., et al. — Civil Action No. 51092
10. City and County of San Francisco v. Union Oil Company of California, et al. — Civil Action No. 51331
11. Sonoma County, California v. Standard Oil Company of California, et al. — Civil Action No. 51701