**In re Multidistrict Private Civil Treble Damage Litigation Involving PLUMBING FIXTURES.**

*Oklahoma State Home Builders Assoc., et al. v. American Radiator & Standard Sanitary Corp., et al.*, W. D. Okl., Civ–69–413.

**No. 3.**

Judicial Panel on Multidistrict Litigation.

Jan. 8, 1970.

As Amended Jan. 26, 1970.

See also D.C., 295 F.Supp. 33.

------

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

## PER CURIAM.

A conditional transfer order[1] was entered on September 30, 1969 transferring the above-captioned action from the Western District of Oklahoma to the Eastern District of Pennsylvania for coordinated and consolidated pretrial proceedings under 28 U.S.C. Section 1407. Within the automatic ten day stay of execution of that order the plaintiff filed its opposition to the proposed transfer and moved to vacate the *conditional transfer order.* The transfer was stayed pending further order of the Panel.

Counsel for the plaintiff requested a hearing and the matter was set for hearing at the next session of the Panel which was held in Philadelphia, Pennsylvania on December 8, 1969. Counsel for the plaintiff subsequently waived oral argument on his opposition to the proposed transfer and submitted the issue on the briefs and records.[2]

The plaintiffs present several reasons for keeping their action in the Western District of Oklahoma. Their principal contention initially was that the primary questions of fact relating to liability have been determined as a matter of law under Section 5(a) of the Clayton Act and the only remaining questions of fact concern damages which can be determined more readily on a regional basis. In their reply brief, the plaintiffs modified their position and now urge that since all the evidence offered in the criminal trial in the Western District of Pennsylvania will eventually be available in the private actions, no further discovery as to liability will be necessary. The defendants emphasize that Section 5(a) will apply only to the three (of sixteen) defendants who were *convicted* and then only if the convictions are affirmed on appeal to the Third Circuit.

---

1. See Rule 12, Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 47 F.R.D. 377, 380.

2. At the hearing Mr. Edward W. Mullinix, representing all defendants, spoke briefly in support of the proposed transfer and Mr. Paul D. Scanlon, counsel for the plaintiffs in five actions originally filed in the Eastern District of Virginia and transferred under Section 1407 to the Eastern District of Pennsylvania, spoke briefly in opposition to the transfer. Mr. Scanlon expressed his displeasure with the pace of pretrial proceedings. We would also be distressed by unnecessary and avoidable delays in the processing of multidistrict litigation transferred to a single court under Section 1407. The plumbing fixture litigation is, however, the most massive multidistrict litigation—over 200 separate actions—being processed under Section 1407 and while several of Mr. Scanlon's cases were filed and transferred more than one year ago, new actions are being filed almost every day. In the past 90 days, 59 new actions have been filed and transferred to the Eastern District of Pennsylvania. It is of course necessary to integrate such newly filed actions into the discovery program underway in the transferee court.

It can be expected that the evidence acquired by the Government for use in its criminal prosecution will be a major source of evidence for the plaintiffs seeking to establish the existence, scope and effect of the alleged conspiracy. Rather than considering this factor as a reason for declining to transfer a related action, we think it strongly supports such a transfer as the consolidation of all actions in a single district will insure that the Government's evidence will be made available uniformly to all plaintiffs with a minimum of inconvenience to the Government or to the original source of the evidence.[3]

The existence of this pool of potentially relevant evidence has not eliminated the need for further discovery and a comprehensive discovery and deposition program has been developed by the transferee court. Thus it seems clear that there are many complex questions of fact which will require substantial supplemental discovery and that the transfer of all related actions to a single court for purposes of such discovery and other pretrial proceedings will clearly promote the just and efficient conduct of these actions.

Counsel for the plaintiffs tacitly admits that the discovery going on in Philadelphia is relevant to this action for he has suggested that the defendants provide him with all discovery data produced by them in connection with these coordinated or consolidated pretrial proceedings. Duplicitous discovery will not be avoided by giving a new party the benefit of prior coordinated or consolidated pretrial proceedings unless the new party joins in and is bound by such proceedings. In re Gypsum Wallboard, 303 F.Supp. 510 (J.P.M.L.1969).

A second reason offered by plaintiffs' counsel for *declining* transfer actually *supports* the transfer of this action to the Eastern District of Pennsylvania. This action includes a class action claim under Rule 23, Federal Rules of Civil Procedure, which purportedly is restricted to sales and purchases within the State of Oklahoma by members of a *well defined class*.[4] Counsel urges that such a class action could be controlled and administered in the Western District of Oklahoma without any conflict with the "shot gun" class action claims in actions previously transferred to or filed in the Eastern District of Pennsylvania. The determination of whether the requirements of Rule 23—particularly those of Rule 23 (a) (3) and (4)—are fully satisfied and whether this plaintiff should be entitled to maintain its action on behalf of the described class is for the district court and we merely note that the best way of insuring that there is no conflict between the class action claims in this action and those in other *plumbing fixture cases* is to have a *single judge* make the determinations necessary under Rule 23. In re Plumbing Fixture Cases, 298 F.Supp. 484 (J.P.M.L.1968).

Finally plaintiffs' counsel urges that the transfer of this action to the Eastern District of Pennsylvania would

---

3. We do not mean to suggest how much of the Government's evidence should be made available to the private plaintiffs or under what circumstances. We do believe that the just and efficient conduct of this multidistrict litigation will be promoted by having a *single* judge decide *all* such questions.

4. The purported class "consists of approximately five hundred (500) builders of home and apartment dwellings throughout the State of Oklahoma who have purchased the products described below manufactured by the defendant corporations in the period in suit and have sustained damage thereby as a result of the conspiracy alleged herein, and who are in the main, either individually or by their officers, parent, subsidiary, or affiliated corporations, builder members of the Oklahoma State Home Builders Association and the National Home Builders Association." (Complaint, Page 2)

not serve the convenience of the plaintiffs and their witnesses.[5] While there may be some inconvenience and additional expense caused by the transfer of this action to the Eastern District of Pennsylvania, we believe that they will be more than offset by saving from and convenience of coordinated or consolidated pretrial proceedings directed by the trans-

feree judge. In re Antibiotic Drugs, 295 F.Supp. 1402 (J.P.M.L.1968).

The motion to vacate the conditional transfer order of September 20, 1969 is denied and the *stay* of the transfer order is vacated. The clerk of the Panel is directed to transmit that order forthwith to the clerk of the Eastern District of Pennsylvania for filing and distribution pursuant to 28 U.S.C. Section 1407.

5. Counsel seems concerned that all five hundred plaintiffs and countless other Oklahoma witnesses will be required to go to Philadelphia for depositions or other pretrial proceedings. However, there generally is no necessity for the *parties* to participate in pretrial conferences held by the transferee court and depositions of Oklahoma parties and witnesses can be taken in Oklahoma. We will, upon request of the transferee judge, designate a judge to conduct pretrial depositions taking place outside of the Eastern District of Pennsylvania. 28 U.S.C. Section 1407(b).