**In re Multidistrict Private Civil Treble Damage Litigation Involving WEST-ERN LIQUID ASPHALT.**

**No. 24.**

Judicial Panel on Multidistrict Litigation.

Jan. 23, 1970.

Before ALFRED P. MURRAH *, Chairman, and JOHN MINOR WIS-DOM,* EDWARD WEINFELD, ED-WIN A. ROBSON, WILLIAM H. BECK-ER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL *, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

A hearing was held in Denver, Colorado on July 25, 1969 on the motion of the plaintiffs in several actions listed on Schedule B to transfer certain actions pending in other districts to the Northern District of California under 28 U.S.C. § 1407. This motion was denied and a second hearing was held in Washington, D. C. on September 26, 1969 *on the initiative of the Panel* to consider the transfer of the four actions listed on Schedule A to the Northern District of California.

* Judges MURRAH, WISDOM, LORD and WEIGEL were unable to attend both hearings but, with the consent of all parties have participated in this decision.

1. On December 11, 1969, the *City of San Diego Case* was transferred from the Southern District of California to the Northern District of California for all

In re Western Liquid Asphalt Litigation, 303 F.Supp. 1053 (J.P.M.L.1969). After considering the arguments presented at both hearings and the pleadings filed by all parties we have concluded that these four actions should be transferred to the Northern District of California for coordinated or consolidated pretrial proceedings with related actions pending there.[1]

The positions of the parties involved in the proposed transfer can be readily summarized. There is no disagreement as to action under section 1407—all parties favor coordinated or consolidated pretrial proceedings. The only question is whether any or all of the consolidated cases should be transferred to the Western District of Washington rather than to the Northern District of California, where the other related cases have been transferred. The common defendants prefer that the *Washington* and *Alaska* cases be split off from the rest and consolidated in Washington, and the States of Washington and Alaska prefer that all cases be consolidated in Washington.

In opposing transfer of the Alaska and Washington actions to the Northern District of California, the defendants emphasize that only three of them are involved in the *Alaska Case* and only four in the *Washington Case*. Accordingly, so the argument goes, the other eight defendants in the actions now pending in San Francisco have no interest in the *Alaska* and *Washington Cases* and should not be required to participate in discovery in those actions.

■■ Section 1407 is not only operative where there is multidistrict litigation involving common plaintiffs or defendants. In re Air Crash Disaster at

further proceedings, including trial. Although that action will therefore not be affected by this order, the prior position of the plaintiff with regard to the proposed section 1407 transfer and the subsequent action of Judge Schwartz support the selection of the Northern District of California as the most propitious transferee court.

Greater Cincinnati Airport Cases, 298 F.Supp. 353, 354 (J.P.M.L.1968). See also, In re Gypsum Wallboard Antitrust Litigation, 303 F.Supp. 510 (J.P.M.L. 1969). If the thrust of the defendants' argument is that the *Alaska* and *Washington Cases* do not share common questions of fact with the other actions pending in the Northern District of California we are unpersuaded. The plaintiffs in these actions do not so contend. Indeed they join with the State of California [2] in urging that all these actions possess substantial common questions of fact. The *Alaska* and *Washington Cases* clearly possess questions of fact which are common not only to the other actions to be transferred to the Northern District of California but also to the actions orginally filed in that district.[3] We are satisfied that these common questions of fact are of sufficient magnitude and complexity to insure that the just and efficient conduct of these actions will be promoted by coordinated or consolidated pretrial proceedings conducted in a single district.

The defendants further contend that transfer of these two actions to the Northern District of California would not serve the convenience of parties and witnesses. Such a transfer clearly cannot inconvenience the defendants as they are parties to actions now pending in the Northern District of California and none of the plaintiffs oppose the transfer of their actions to the Northern District of Caliifornia.

In sum, we think this litigation is fairly typical multi-district antitrust litigation[4] and that coordinated or consolidated pretrial proceedings are clearly mandated.

■ At our first hearing we considered the possibility of transferring an action now pending in the Western District of Missouri, Master-Krete, Inc., et al. v. Chevron Asphalt Co., et al., (No. 16060) but reserved decision in our prior opinion and order. In re Western Liquid Asphalt Litigation, *supra.* We are now satisfied that the product involved in this action is so unrelated to the product involved in the other actions as to preclude the transfer of this action to the Northern District of California.[5]

It is therefore ordered that the actions listed on Schedule A still pending in other districts be and the same are hereby transferred to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings and with the

2. The plaintiff in an action originally filed in the Northern District of California.

3. For example, in its complaint the State of Washington charges the named defendants and other unnamed co-conspirators with fixing the price of asphalt and allocating customers throughout a market area which includes the States of Oregon, Washington and California. An identical charge is made in seven of the actions commenced in the Northern District of California. The State of Alaska's complaint adds that state to this trio while the State of California also includes the States of Arizona, Hawaii, Idaho, Montana and Nevada in its definition of the relevant market area. Thus facts relating to the existence, scope and effect of a regional conspiracy are common to virtually all of these actions.

4. The following groups of antitrust litigation have been transferred under section

1407: In re Water Meters, 304 F.Supp. 873 (J.P.M.L. October 10, 1969), In re Concrete Pipe (West), 303 F.Supp. 507 (J.P.M.L. August 28, 1969), In re Admission Tickets, 302 F.Supp. 1339 (J.P. M.L. August 15, 1969), In re Concrete Pipe (East), 302 F.Supp. 244 (J.P.M.L. May 23, 1969), In re Gypsum Wallboard, 297 F.Supp. 1350 (J.P.M.L. 1969), In re Antibiotic Drugs, 295 F.Supp. 1402 (J.P. M.L. 1968), In re Plumbing Fixture Cases, 295 F.Supp. 33 (J.P.M.L. 1968), In re Protection Devices & Equipment & Central Station Protection Service Antitrust Cases, 295 F.Supp. 39 (J.P.M.L. 1968), In re Library Editions of Children's Books, 297 F.Supp. 385 (J.P.M.L. 1968).

5. The *Master-Krete Case* basically involves a composition used for tennis courts while other actions involve liquid asphalt used in highway construction.

written consent of that court these actions are hereby assigned to the Honorable Russell E. Smith of the District of Montana.[6]

## SCHEDULE A

### Southern District of California

1. City of San Diego v. Union Oil Company of California, et al.     Civil Action * No. 69–176–K

### Western District of Washington

2. State of Washington, et al. v. Chevron Asphalt Company, et al.     Civil Action No. 3846

### District of Alaska

3. The State of Alaska v. Chevron Asphalt Co. of California, et al.     Civil Action No. A–92–69 Civ

### District of Arizona

4. Maricopa County v. American Petrofina Inc., et al.     Civil Action No. 69–355–Phx

## SCHEDULE B

### Northern District of California

1. Dean Miller v. Union Oil Company of California, et al.     Civil Action No. 48391

2. Cascade Construction Co., Inc. v. Standard Oil Company of California, et al.     Civil Action No. 49638

3. Pioneer Construction Co., Inc. v. Standard Oil Company of California, et al.     Civil Action No. 49808

4. Page Paving Company v. Standard Oil Company of California, et al.     Civil Action No. 50307

5. State of New Mexico, etc. v. American Petrofina, Inc., et al.     Civil Action No. 50709

6. Klamath County, Oregon v. Standard Oil Company of California, et al.     Civil Action No. 51258

7. State of California, etc. v. Standard Oil Company of California, et al.     Civil Action No. 51107

8. State of Oregon v. Standard Oil Company of California, et al.     Civil Action No. 50173

9. State of Arizona, etc. v. American Petrofina, Inc., et al.     Civil Action No. 51092

10. City and County of San Francisco v. Union Oil Company of California, et al.     Civil Action No. 51331

11. Sonoma County, California v. Standard Oil Company of California, et al.     Civil Action No. 51701

---

6. Chief Judge Chambers has temporarily assigned Judge Russell Smith to the Northern District of California and Chief Judge Harris has consented to the assignment of these actions to Judge Smith.

* Transferred to the United States District Court for the Northern District of California by order of Chief Judge Schwartz on December 11, 1969.