In re Multidistrict Private Securities Actions Involving **REVENUE PROPERTIES COMPANY** Limited.

No. 32.

Judicial Panel on Multidistrict Litigation.

Feb. 27, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

Revenue Properties, Inc., is a Canadian company involved in the development and sale of real estate in Canada. Its common stock has been listed on the Toronto stock exchange since April 1965 [1] and there apparently were some over-the-counter sales in the United States before November 12, 1968. A public offering of 800,000 shares was made in the United States under a registration statement, including a prospectus, filed with the Securities and Exchange Commission, which became effective on November 12, 1968. From January 1969 through April 1969 the common stock of Revenue Properties, Inc. was traded on the American Stock Exchange. In May 1969 the Securities and Exchange Commission brought a civil action in the Southern District of New York charging violations of the Securities Act of 1933 relating to the sale of unregistered common stock and claiming that false information was included in the registration statement and prospectus of November 12, 1968. A consent judgment embodying a permanent injunction was entered on May 8, 1969.[2]

The fourteen civil actions listed on Schedules A and B all relate to the sale of Revenue Properties' stock in this country.[3] The parties generally agree that these actions fall into relatively dis-

1. Trading was suspended on November 25, 1969 at the company's request.

2. The Ontario Securities Commission also brought charges against Revenue Properties, Inc., for filing false and misleading financial statements in its 1968 annual report. These charges were dismissed on January 17, 1970.

3. Two of the actions listed on Schedule B—State Street Investment Corp. v. Dominion Securities Corp. et al. and Second Federal Street Fund, Inc. v.

Dominion Securities Corp. et al.—did not come to our attention in time for them to be included in the order setting this matter for hearing in Washington. D.C. on January 23, 1970. Counsel for the plaintiffs in these actions was present and participated in the hearing on behalf of other parties he also represents. Since neither of these actions is being *transferred* under section 1407, their omission from the hearing order will cause no prejudice.

tinct categories but they do not agree as to the effect of such a categorization.

The central issue in the actions listed on Schedule A is the contention that the registration statement and prospectus which became effective on November 12, 1968 was false and misleading in material respects, principally in its failure to disclose substantial sales of insider stock during the registration and public offering period and in its failure to disclose the use of improper accounting techniques. These nine actions are generally referred to as the *false representation cases*.

The gravamen of the five actions listed on Schedule B is the sale of unregistered stock for which liability is asserted under sections 5 and 12(1) of the 1933 Act. These actions are generally referred to as the *unregistered stock cases*.

Although the *Signorelli Action* is listed on Schedule A it is a hybrid action. Count I presents a typical *unregistered stock* claim with respect to 1,000 shares of common stock purchased in late October 1968. Count II presents a typical *false representation* claim based on 200 shares purchased on February 18, 1969, and allegedly included in the public offering. Both are brought as class actions: (I) on behalf of "all other purchasers of common shares of the defendant corporation similarly situated who purchased their shares between August 31, 1968 and November 12, 1968" *and* (II) on behalf of "all other persons who purchased common shares of the corporation since November 12, 1968 pursuant to the registration statement * * * and who sold the same at a loss or who still hold the same at a loss." While the Signorellis are the only parties who seek to represent the *unregistered stock* class, their asserted representation of the *false representation* class in Count II is in potential conflict with similar assertions of other plaintiffs as to the same class.[4]

Although more shares are involved in Count I than in Count II, the plaintiffs do not allege that they either sold or retained this stock at a loss while in Count II they allege that they have retained the stock and suffered a substantial loss. For this reason, we have treated the Signorelli action as a "false representation case" *for the sole purpose* of effectuating its transfer to the District of Massachusetts. We do not mean to infer that the Count I claim is unmeritorious nor do we pass on their right to represent either class. Further, our action is without prejudice to the right of any party to request the transferee court to sever Count I and consolidate it with the other unregistered stock cases for pretrial proceedings.

At the outset we note that all parties who have responded to the several motions and to our order to show cause favor some type of coordinated or consolidated pretrial proceedings. All parties agree and we so find that there are common questions of fact *at least* as to each category and that the convenience of parties and witnesses and the just and efficient conduct of these actions would be furthered by transfer under section 1407.

The disagreement among the parties and our difficulty with this matter is twofold: (1) should the *unregistered stock cases* and the *false representation cases* be treated independently or should they be combined for pretrial purposes and (2) should the Massachusetts actions be transferred to the Southern District of New York or should the New York actions be transferred to the District of Massachusetts. The defendants generally favor consolidation of *all actions* in the Southern District of New York. The plaintiffs in the three New York *unregistered stock cases*, the plaintiffs in the five Massachusetts *false representation cases* and the plaintiffs in the *Robertson Case* all favor separation of the two groups of cases for pretrial

---

4. The following plaintiffs also seek to represent a similar class: Milton Frisch (S.D.N.Y.), Joseph Cantatore (S.D.N.Y.), and Glen C. Jeckel (D.Mass.).

purposes. If there is to be a transfer, the Massachusetts plaintiffs and *Robertson* favor transfer to Massachusetts and the New York plaintiffs (except Robertson) favor transfer to the Southern District of New York.

Those who favor the transfer of *all actions* to a single judge point out that nearly all of the complaints refer to the sale of unregistered stock. The sale of unregistered stock is one of the fraudulent and misleading deficiencies alleged in most of the *false representation cases*. Thus the plaintiffs in the *false representation cases* may want to establish the sale of unregistered stock, but the converse does not appear to be true. We are not convinced that transfer of these two groups of cases for joint coordinated or consolidated pretrial proceedings would serve the convenience of the parties and witnesses in the *unregistered stock cases* or further the just and efficient conduct of those actions. It may be, however, that subsequent developments will indicate that pretrial of both groups can be satisfactorily conducted simultaneously and our decision is without prejudice to the right of any party to seek further consolidation in the transferee court.

Those supporting transfer to the Southern District of New York do so for the following reasons: (1) venue over the majority of the defendants is more clearly established in that district than in Massachusetts, (2) numerically, more parties prefer transfer to the Southern District of New York, (3) the majority of the witnesses and documents located in the United States are in the Southern District of New York, (4) the Securities and Exchange Commission action was commenced in the Southern District of New York, and (5) the American Stock Exchange, on which the stock was traded, is located in the Southern District of New York.

We do not find any of these reasons compelling enough to warrant transfer to the Southern District of New York. Unlike section 1404(a), venue is not particularly relevant to the selection of a transferee court under section 1407. Nor is the preference of those parties who are defendants in both districts controlling. It is true that more of the material witnesses and documentation are located in New York than in Boston but it appears that much if not most of the witnesses and documents are located in Canada, a fact which gives little support to either district. It is particularly significant that the witnesses and the documents which are said to be located in New York City are generally under the control of the defendants and can readily be produced in either district.[5]

We have selected the District of Massachusetts for three principal reasons: (1) more *plaintiffs* favor transfer to Massachusetts than favor transfer to New York, (2) a substantially greater number of shares (and potential liability) are involved in the actions now pending in the District of Massachusetts and (3) the Massachusetts actions have all been assigned to Judge Caffrey[6] who is willing to accept the responsibility for conducting coordinated and consolidated pretrial proceedings in these cases. Unlike some of the multidistrict litigation which comes before us[7] the choice of the most appropriate transferee forum is far from obvious but we think on balance that transfer to the District of Massachusetts is the better choice.

It is therefore ordered that the actions listed on the attached Schedule A pending in the Southern District of New York be and the same are hereby transferred to the District of Massachusetts and with

5. This is unlike the situation where voluminous documents are under the control of a non-party and cannot be readily produced in another location.

6. The Massachusetts *unregistered stock* cases were originally assigned to Judge Julian but have recently been re-assigned to Judge Caffrey by that Court.

7. See, for example, Protection Devices, 295 F.Supp. 39 (1968); Gypsum Wallboard, 297 F.Supp. 1350 (1969); and Hendersonville, N. C. Air Disaster, 297 F.Supp. 1039 (1969).

the consent of the District Court for the District of Massachusetts, evidenced by written consent signed by the Chief Judge and filed herein, those actions are assigned to Judge Andrew A. Caffrey for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

It is further ordered that the actions listed on the attached Schedule B pending in the Southern District of New York be and the same are hereby transferred to the District of Massachusetts and with the consent of the District Court for the District of Massachusetts, evidenced by written consent signed by the Chief Judge and filed herein, those actions are assigned to Judge Andrew A. Caffrey for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

DOCKET NO. 32          SCHEDULE A

### District of Massachusetts

| | |
|---|---|
| Bankers Trust Company, etc., et al. v. Revenue Properties Company Limited, et al. | Civil Action No. 69–1149C |
| Explorer Fund, et al. v. Revenue Properties Company Limited, et al. | Civil Action No. 69–1150C |
| Glen C. Jeckel v. Revenue Properties Company Limited, et al. | Civil Action No. 69–1151C |
| The U. S. Fund N. V. v. Revenue Properties Company Limited, et al. | Civil Action No. 69–1287C |
| Essex Fund, Inc. v. Revenue Properties Company Limited, et al. | Civil Action No. 70–88C |

### Southern District of New York

| | |
|---|---|
| Charles S. Robertson, etc. v. Revenue Properties Company Limited, et al. | Civil Action No. 69–4911 |
| Milton Frisch, et al. v. Revenue Properties Company Limited, et al. | Civil Action No. 69–3026 |
| Joseph Cantatore, et al. v. Alex J. Rubin, et al. | Civil Action No. 69–5678 |
| Ernest L. Signorelli, et al. v. Harry Rubin, et al. | Civil Action No. 70–49 |

DOCKET NO. 32          SCHEDULE B

### District of Massachusetts

| | |
|---|---|
| State Street Investment Corp. v. Dominion Securities Corp., et al. | Civil Action No. 69–892J |
| Second Federal Street Fund, Inc. v. Dominion Securities Corp., et al. | Civil Action No. 69–893J |

### Southern District of New York

| | |
|---|---|
| Jefferies & Company, Inc. v. W. D. Latimer Company, Limited, et al. | Civil Action No. 69–4878 |
| Grace Canadian Securities, Inc. v. Neuberger & Herman, et al. | Civil Action No. 69–4757 |
| State Street Investment Corp., et al. v. Grace Canadian Securities, Inc., et al. | Civil Action No. 69–4766 |