### In re **KORATRON PATENT LITIGATION.**

*Koratron Company, Inc. v. W. Koury Company, Inc., M.D. North Carolina, Civil Action No. C–147–G–70.*

**No. 20.**

Judicial Panel on Multidistrict Litigation.

May 12, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

In June of 1969, four actions involving Koratron's "permanent press" process for garments were transferred to the Northern District of California for assignment to Judge William E. Doyle. In re Koratron Litigation, 302 F.Supp. 239 (Jud.Pan.Mult.Lit.1969). Those cases and the twelve related actions originally filed in the Northern District of California or transferred there under 28 U.S.C. § 1404(a) all raised common fact questions involving Koratron's use of its patents, trademark and licensing agreements concerning the "permanent press" process. Koratron brought this action against Koury, one of its many licensees, in July of 1970, seeking recovery of royalties due under the licensing agreement and damages for subsequent patent infringement.

Upon learning of the existence of this case, the Clerk of the Panel entered and served a conditional transfer order pursuant to Rule 12, of the Panel's Rules of Procedure. Koury now moves to vacate that order and Koratron opposes that motion. This matter was originally set for hearing on February 26, 1971, but was vacated at the request of counsel for Koury. Due to circumstances beyond his control, counsel for Koury was also unable to attend the rescheduled hearing on March 26, 1971. The Panel allowed counsel for Koratron to present that party's position and gave counsel for Koury a reasonable time thereafter to submit his reply to the matters raised at the March hearing. On the basis of the briefs and supplemental remarks of counsel, we deny the motion to vacate and order the action transferred.

Koury admits that its action has many fact questions in common with the actions previously deemed appropriate for coordinated or consolidated pretrial proceedings, but it opposes transfer because of asserted difficulties in "catching-up" to already completed discovery in the actions before Judge Doyle. Koury argues that substantial discovery has already been completed in the transferee court and that it will be both difficult and expensive for it to secure and analyze the discovery materials already produced there. Even if this task is accomplished, Koury complains that it will be handicapped by the fact that it did not participate in that earlier discovery.

We are aware of the difficulties created by transfer of *tag-along cases* after discovery has begun in the transferee court, but we are convinced that those difficulties are outweighed by the benefits of centralized management of pretrial proceedings. Denial of transfer might eliminate Koury's problem of participating in the discovery before Judge Doyle but could result in the type of duplicative discovery which our original transfer was intended to prevent.

Koury attempts to avoid this problem by alternatively requesting a stay of its action "pending a trial upon the merits of any or all of the presently consolidated actions. * * *" This tactic is apparently designed to give Koury the benefit of discovery in the cases before Judge Doyle, without imposing on it any of the burdens carried by the participants in those proceedings. Similar arguments have been uniformly rejected in the past because they do not eliminate the threat of repetitive discovery. As we said in the Frost Patent Litigation, 316 F.Supp. 977, 979 (Jud.Pan.Mult.Lit. 1970), "we believe that Section 1407 was intended to provide a procedure which would *insure* that repetitious and duplicative discovery is avoided by providing that all related actions be assigned to a single judge." And see In re Plumbing Fixtures Litigation, 311 F. Supp. 349, 351 (Jud.Pan.Mult.Lit.1970); In re Gypsum Wallboard Litigation, 303 F.Supp. 510, 511–512 (Jud.Pan.Mult.Lit. 1969).

Koury's entry into this litigation will be considerably eased by the fact that it is represented by patent counsel who has represented another client before Judge Doyle from the beginning of pretrial proceedings. And the transferee court will, in any event, insure that all previous discovery is made available to Koury and may also allow Koury, if necessary, to supplement the discovery already completed. In re Gypsum Wallboard, *supra*. We can find no support for the contention advanced in Koury's supplemental papers that the remand and trial of the transferred cases is imminent and conclude that it is important to transfer this case immediately so that Koury may be represented at the pretrial conference presently scheduled for May 21, 1971.

It is therefore ordered that Koury's motion to vacate is denied and the stay of the September 28, 1970 conditional transfer order is hereby lifted. The Clerk of the Panel is directed to transmit a certified copy of that order to the Clerk of the Northern District of California for filing pursuant to 28 U.S.C. § 1407(c).