**In re PLUMBING FIXTURE CASES.**

**No. 3.**

Judicial Panel on Multidistrict Litigation.

Sept. 13, 1968.

MEMORANDUM AND ORDER

ALFRED P. MURRAH, Chairman.

This matter came on for consideration on the 8th day of August, 1968, pursuant to Panel order on the joint motion of eight defendants in 39 treble damage actions pending in 8 different United States district courts to transfer these actions "to one United States district court for the purpose of coordinating or consolidating pretrial proceedings * * *" under Section 1407, Title 28, United States Code. The motion further requested that "the Western District of Pennsylvania be designated as the transferee district court * * *." A schedule of the actions affected by the motion is attached hereto and marked Schedule A. The order setting the matter for hearing provided that the Panel would also consider on its own initiative transfer of these actions to a district court other than the Western District of Pennsylvania.

The 39 actions are based upon two alleged criminal conspiracies charged in two separate indictments (Nos. 66–295 and 66–296) returned in the Western District of Pennsylvania. In each of the actions, damages are claimed to have resulted from alleged antitrust violations in the manufacture and sale of certain plumbing fixtures.

Two of the civil actions (Nos. 41773 and 41774) are pending in the Eastern District of Pennsylvania before the Honorable John W. Lord, Jr. These two cases are based in part upon both of the alleged criminal conspiracies in the Western District of Pennsylvania and are fairly representative of the litigation. Judge Lord has actively conducted pretrial proceedings in these cases and has adopted a comprehensive discovery schedule. As a result of intervention the two actions in the Eastern District of Pennsylvania now involve more claims for relief than are involved in any other district.

After hearing argument of counsel, and considering all relevant factors, the Panel is of the opinion that because of the commonality of many of the principal factual issues, the geographical ac-

cessibility of Philadelphia to Pittsburgh where the criminal proceedings are pending, the relatively advanced discovery in the Eastern District of Pennsylvania and the availability there of an experienced Judge well acquainted with the litigation, it would best serve the convenience of the parties and witnesses, and promote the just and efficient conduct of the affected cases to transfer the 37 affected actions pending in other districts to the Eastern District of Pennsylvania and to the Honorable John W. Lord, Jr., for all pretrial proceedings under Section 1407, Title 28, United States Code. The transferee court, through Chief Judge Thomas J. Clary, has consented to the transfer of all these cases to the Eastern District of Pennsylvania. Judge Lord is able and willing to undertake and cooordinate pretrial proceedings in these 39 cases.

Seven of the defendants, referred to as the "short-line" defendants in some of these cases including the two cases pending in the Eastern District of Pennsylvania, object to the consolidated discovery proceedings on the grounds that the civil actions are based upon two separate criminal conspiracies; that the so-called "short-line" defendants are parties to only 18 of the 39 civil actions in only four jurisdictions arising out of conspiracy No. 66–296; that the discovery is not therefore common to all cases; and that it would be prejudicial to these defendants to coordinate the discovery proceedings with the other cases to which they are not parties and have no interest. The plea is that the cases involving the so-called "short-line" defendants should remain in the jurisdictions where they are presently pending.

It does appear that the actions against the eight moving defendants arise out of a separate conspiracy alleged in a separate indictment. But they are not unrelated to the actions wherein the "short-line" defendants are parties. In these civil actions there are

questions of fact common to the 39 actions on economic, technical and conspiratorial issues. The civil actions pending in the Eastern District of Pennsylvania involve alleged conspiracies based upon both indictments in the Western District of Pennsylvania, and it therefore seems appropriate to transfer all the cases to the Eastern District of Pennsylvania, leaving to the transferee judge the sole power to determine in his discretion the order and procedures for conducting separate pretrial procedures in respect to the separate alleged conspiracies.

For the foregoing reasons, the motion to transfer the subject cases to one district for coordinated pretrial proceedings will be granted. But insofar as the motion requests that the Western District of Pennsylvania be designated as the transferee court, it will be denied. Instead, on the initiative of the Panel and on oral motion of counsel for the parties in some of the cases, all of the cases involved here will be transferred to the Eastern District of Pennsylvania.

It is therefore ordered that the joint motion of eight defendants be, and it is hereby, granted insofar as it requests transfer of the 37 civil treble damage actions pending in districts other than the Eastern District of Pennsylvania (listed in Schedule A attached) to one United States District Court for the purpose of coordinated or consolidated pretrial proceedings. It is further

Ordered that the motion be, and it is hereby denied insofar as it requests that the Western District of Pennsylvania be designated as the transferee district court. It is further

Ordered that the 37 treble damage actions pending in districts other than the Eastern District of Pennsylvania and listed in Schedule A hereto attached be, and they are hereby, transferred on the initiative of the Panel under Section

1407 of Title 28, United States Code, to the Honorable John W. Lord, Jr., of the Eastern District of Pennsylvania and to the Eastern District of Pennsylvania, all with the consent in writing of the transferee court attached hereto.