### In re Multidistrict Private Civil Treble Damage Litigation Involving PLUMBING FIXTURES.
### No. 3.

Judicial Panel on Multidistrict Litigation.
July 30, 1969.

See also, D.C., 295 F.Supp. 33.

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

On May 16, 1969, the following treble damage antitrust action was commenced in the United States District Court for the Northern District of Illinois: Michael Kaplan and Walter Mrozinski, etc. v. American Standard, Inc., et al. (69 C 1050). The action was brought by the plaintiffs "on their own behalf as ultimate consumers of products manufactured by defendants and on behalf of all other ultimate consumers of products manufactured by defendants." From the face of the complaint it clearly appeared that this was another of the more than 100 cases which comprise the above-captioned litigation. On May 27, 1969, a *conditional transfer order*[1] was entered transferring this case to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The plaintiffs objected to the transfer of their case and the *conditional transfer order* was stayed "until further order of the Panel." The plaintiffs have advised the Clerk of the Panel that they do not desire a hearing with regard to their objections to the transfer. None of the other parties have requested a hearing. In view of the nature of the plaintiffs' opposition to the transfer and their affirmative waiver of a hearing, none will be required.

The plaintiffs do not contend that their case is different from the other cases in this litigation nor do they urge that common questions of fact do not ex-

[1] See In re Gypsum Wallboard Cases, 303 F.Supp. 510 (Jud.Pan.Mult.Lit.1969) for a more complete discussion of the *conditional transfer order* and its use.

ist. They oppose the transfer for the following reasons:

1. All of the plaintiffs are Illinois residents and transfer of this matter would be an undue hardship upon them.

2. Plaintiffs are possessed with limited funds and transfer of this matter would result in the cost of this litigation to be very costly to them.

Since there normally is no reason for the parties themselves to be present at pretrial conferences, the only expense and inconvenience the proposed transfer will cause is that necessitated by counsel's travel to Philadelphia for pretrial conferences. This additional expense will be more than offset by savings from and convenience of, coordinated or consolidated pretrial proceedings directed by the transferee judge. In re Antibiotic Drug Cases, 295 F.Supp. 1402, 1404 (Jud.Pan.Mult.Lit.1968) "Of course, it is to the interest of each plaintiff to have all of the proceedings in *his* suit handled in *his* district. But the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in light of the purposes of the law." In re Library Editions of Childrens' Books, 297 F.Supp. 385, 386 (Jud. Pan.Mult.Lit.1968). Here the sheer number of cases involved, the substantial identity of factual issues and the potentially conflicting class action claims require that *all* cases be transferred to a single district for consolidated or coordinated pretrial proceedings under Section 1407. *Cf.* In re Antibiotic Drug Cases, 299 F.Supp. 1403 (Jud.Pan.Mult. Lit.1969).

It is therefore ordered that the objection to the *conditional transfer order* of May 27, 1969 is overruled; the stay of that order is hereby lifted; and the Clerk of the Panel is directed to transmit that order forthwith to the Clerk of the Eastern District of Pennsylvania for filing and distribution pursuant to Section 1407.