**In re Multidistrict Private Civil Treble Damage Litigation Involving PLUMBING FIXTURES.**

*Arntz Bros. Construction Co., et al. v. American Radiator & Standard Sanitary Corp., et al., California, Northern, Civil Action No. C–69–117.*

**No. 3.**

Judicial Panel on Multidistrict Litigation.

Jan. 8, 1970.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

On October 16, 1969, the complaint in the above-captioned civil action was filed in the United States District Court for the Northern District of California. On October 28, 1969, the Panel transferred this action to the Eastern District of Pennsylvania on the basis of the prior hearings [1] and for the reasons stated in the prior memoranda and orders transferring related actions to that district.[2] During the automatic ten day stay of execution [3] counsel for the plaintiff filed a notice of opposition to the transfer. Counsel later filed a response in opposition to the proposed transfer but waived a hearing before the Panel.

This action is brought by 322 named plaintiffs on their own behalf and "on behalf of fellow members of a class which consist of all general building contractors in the State of California, as defined in California Business and Professional Code, Section 7057, who, at any time during the period 1960–1966, inclusive, have been duly licensed to conduct business as a general building contractor (Class B-1) by the California contractors State License Board, and their parent, subsidiary, and affiliated companies." [4]

The plaintiffs' sole reason for opposing the proposed transfer of this action to the Eastern District of Pennsylvania is their belief "that the question of whether plaintiffs' action may be maintained as a class action on behalf of all general building contractors and home developers in the State of California is a question which should be determined by a United States District Judge sitting in California." They urge that if the action is transferred to the Eastern District of Pennsylvania "the determination of the class action issue should be remanded to a California court for determination."

The contention that class action determinations should be left to the transferor court was first advanced in the Plumbing Fixture Litigation and rejected by the Panel.[5] Our experience since then has reinforced our belief that resolution of potentially conflicting class actions are best made by the transferee court.[6] Indeed there are at least three other actions [7] with class action claims which are in potential conflict with the

---

1. The original hearing was held on August 8, 1968 and a supplemental hearing was held on October 16, 1968.

2. In re Plumbing Fixture Litigation, 295 F.Supp. 33 (J.P.M.L.1968), 298 F.Supp. 483 (J.P.M.L.1968), 298 F.Supp. 484 (J.P.M.L.1968) and 302 F.Supp. 795 (J.P.M.L.1969).

3. See Rule 12, Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 47 F.R.D. 377, 380.

4. Alternatively, the class is defined "as consisting of all such general building contractors in the Counties of San Francisco, Alameda, Contra Costa, San Mateo, Santa Clara, Santa Cruz, Monterey, San Benito, Marin, Sonoma, Solano, Mendocino, Napa, Sacramento, Yolo, Sutter, Placer, San Joaquin, Stanislaus, Merced, and Fresno, State of California." (Plaintiffs' complaint, p. 21.)

5. In re Plumbing Fixture Cases, 298 F. Supp. 484 (J.P.M.L.1968).

6. See, for example, In re Antibiotic Drugs, 299 F.Supp. 1403, 1405–1406 (J.P.M.L. 1969).

7. Blake Construction Co., Inc. v. American Standard, Inc., et al. (filed in the District of Columbia and transferred to the Eastern District of Pennsylvania). Lindy Bros. Builders, Inc. of Philadelphia et al. v. American Radiator & Standard Sanitary Corp. et al. (originally filed in the Eastern District of Pennsylvania) and Sam Long, d/b/a Metropolitan Plumbing Co. et al. v. American Radiator & Standard Sanitary Corp. et al. (originally filed in the Northern District of Georgia and transferred to the Eastern District of Pennsylvania.)

claims asserted by these plaintiffs. Such a potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution of such potential conflicts. Nor are we persuaded that there are unusual circumstances here which would make it especially difficult for a judge sitting in Philadelphia to resolve conflicting class action claims involving California parties.

It is therefore ordered that the stay of execution of the transfer order of October 28, 1969 is hereby vacated and the Clerk of the Panel is directed to transmit forthwith a copy of that order to the Clerk of the Eastern District of Pennsylvania for filing and distribution pursuant to 28 U.S.C. § 1407.