
**GROW CHEMICAL CORP., Plaintiff,**

v.

**Irwin Wayne URAN, Defendant.**

**No. 70 Civ. 1190.**

United States District Court,
S. D. New York.

June 15, 1970.

Lord, Day & Lord, New York City, for plaintiff; John W. Castles III, and Roger C. Ravel, New York City, of counsel.

Darrigo & Mauriello, Newburgh, N. Y., for defendant; Andrew M. Mauriello, Newburgh, N. Y., of counsel.

METZNER, District Judge:

Defendant moves to dismiss the complaint for lack of jurisdiction of the subject matter and for failure to state a claim.

The complaint alleges a claim of violation of §§ 13(d) and 16(a) of the Securities Exchange Act of 1934 and the rules promulgated thereunder by the SEC, 15 U.S.C. §§ 78m and 78p. In January and February of 1969 the plaintiff acquired 13% of the outstanding stock of Guardsman Chemical Coatings, Inc. Guardsman is engaged in a business similar to that of plaintiff. The stock was acquired "as an investment and as a basis for exploring with Guardsman the possibility of developing a basis for combining the businesses of Grow and Guardsman."

Before making this purchase plaintiff checked the files of the SEC and the American Stock Exchange, where the Guardsman stock was listed and traded. It did not find any record showing the ownership by anyone of 10% or more of the stock of Guardsman. Relying on this state of the record, plaintiff purchased the stock, for which it paid a price in excess of what it would have paid if there was a person who owned 10% or more of the stock.

It is alleged that defendant was the owner of more than 10% of the stock since at least December 1, 1968, and therefore had violated the filing provisions of §§ 13(d) and 16(a). On March 4, 1969 defendant first filed a statement pursuant to § 16(a), and the first filing pursuant to § 13(d) was on May 29, 1969. Purchases by defendant subsequent to June 1, 1969 are alleged for which statements were not filed. Finally, it is alleged that defendant has purchased these shares for the purpose of manipulating

the price of the stock and to acquire control of Guardsman.

Plaintiff seeks damages for violation of the sections in question and injunctive relief directing compliance with those sections.

The court has jurisdiction of this action. § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. See Romero v. International Terminal Operating Co., 358 U.S. 354, 359, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

Defendant contends that neither § 13(d) nor § 16(a) is designed for the protection of this plaintiff. It appears to me that if a plaintiff claims that as a purchaser of securities he has been injured as the result of the violation by a defendant of the securities laws, then the plaintiff has stated a claim upon which relief may be granted. Plaintiff is not asserting a general injury to the public. It is asserting an injury involving its stock interest in Guardsman flowing from the defendant's failure to disclose his interest in that very stock in contravention of law.

Motion denied. So ordered.