## In re PLUMBING FIXTURES LITIGATION.

*The State of North Carolina v. American Standard Inc., et al., E. D. North Carolina, Civil Action No. 2844.*

### No. 3.

Judicial Panel on Multidistrict Litigation.

May 5, 1972.

---

1. No response has been received from plaintiff in the Southern District of New York action.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

In 1968 the Panel filed its initial Opinion and Order in the Plumbing Fixtures Litigation, transferring 37 actions to the Eastern District of Pennsylvania for pretrial proceedings with two related actions pending in that district.[1] Since that time additional actions have been transferred [2] and there are approximately 370 actions pending in that district as a part of the litigation. The State of North Carolina recently filed an action against defendants in this litigation in the Eastern District of North Carolina, seeking recovery as *parens patriae* on behalf of all individual consumers within the state and also as Rule 23 class representative on behalf of all governmental entities within the state.

A conditional transfer order was entered in the North Carolina action by the Clerk of the Panel, acting pursuant to the Panel's Rule 12, 53 F.R.D. 119. North Carolina filed a timely opposition to the proposed transfer and moved to vacate the conditional transfer order. Defendants opposed that motion and urged transfer of the action to the Eastern District of Pennsylvania. At the initial argument on this matter North Carolina did not dispute that its action was substantially similar to the actions now pending before Judge Harvey. It did assert, however, that the proposed transfer might deprive it of a fair opportunity to present its claim for relief, noting that Section 1407 requires transfer only where it will "promote the *just and efficient* conduct of the action." 28 U.S.C. § 1407(a). [Emphasis added]

North Carolina argued that in its previous decisions [3] the transferee court dismissed claims similar to those asserted in this complaint. And in reaching those decisions the transferee court is said to have interpreted the requirements of Section 4 of the Clayton Act,

* Judges Wisdom and Becker were unable to attend the Panel hearing but have, with the consent of all parties, participated in this decision.

1. In re Plumbing Fixtures Litigation, 295 F.Supp. 33 (Jud.Pan.Mult.Lit.1968).

2. *See* In re Plumbing Fixtures Litigation, 298 F.Supp. 483 (Jud.Pan.Mult.Lit. 1968) ; 298 F.Supp. 484 (Jud.Pan.Mult. Lit.1968) ; 302 F.Supp. 795 (Jud.Pan. Mult.Lit.1969) ; 308 F.Supp. 242 (Jud. Pan.Mult.Lit.1970) ; 311 F.Supp. 349 (Jud.Pan.Mult.Lit.1970) ; 332 F.Supp. 1047 (Jud.Pan.Mult.Lit.1971).

3. Maricopa County v. American Radiator & Standard Sanitary Corp., 323 F.Supp. 381 (E.D.Pa.1970) ; Mangano v. American Radiator & Standard Sanitary Corp., 50 F.R.D. 13, aff'd, 438 F.2d 1187 (3d Cir. 1971).

15 U.S.C. § 15,[4] less favorably to antitrust plaintiffs than to courts of the transferor district and circuit.[5] Accordingly, North Carolina contended that transfer will result in the dismissal of its claims as too remote in the plumbing fixtures chain of distribution to support recovery of damages while denial of transfer will assure that the allegedly more generous law of the transferor circuit is applied to its case.

After the initial hearing the Panel vacated the conditional transfer order and reserved decision of the transfer question to give the parties an opportunity to obtain a ruling from the transferor court concerning the standing of North Carolina to bring this action.[6]

Defendants now move for reconsideration or clarification of the Panel's order. Their primary contention is that the matter should be reconsidered and the North Carolina action transferred. We have determined, on the basis of the briefs and arguments, that the motion for reconsideration should be granted and the action transferred to the Eastern District of Pennsylvania.

The sole basis for opposing transfer is North Carolina's fear that the transferee court will not apply the laws of the circuit in which its action was filed in deciding whether the state can maintain a treble damage action against these defendants under Section 4 of the Clayton Act. In our view these fears are groundless. It is clear that the substantive law of the transferor forum will apply after transfer, Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Indeed, the transferee court has expressly affirmed this point. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 309 F.Supp. 1053, 1055 (E.D.Pa.1969). Since North Carolina does not deny that its action is otherwise appropriate for transfer, it must be transferred for pretrial proceedings with the other actions.

It is therefore ordered that the action, State of North Carolina v. American Standard Inc., et al., E.D. North Carolina, Civil Action No. 2844, be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the prior consent of that court, is assigned to the Honorable Alexander Harvey II for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the related actions pending in that district.

---

4. Section 4 provides:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover three-fold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. Oct. 15, 1914, c. 323, § 4, 38 Stat. 731."

5. In support of this contention, North Carolina cites South Carolina Council of Milk Producers v. Newton, 360 F.2d 414 (4th Cir. 1966) and ABA, Antitrust Developments 1955–68, 280 n. 52.

6. Part of defendants' argument for reconsideration of this order is based on the alleged ambiguity of the word "standing." In view of our disposition of the motion, it is unnecessary to discuss this point further.