David STIRLING, Jr., and William G. Stirling, Plaintiffs,

v.

CHEMICAL BANK et al., Defendants.

David STIRLING, Jr., and William G. Stirling, Plaintiffs,

v.

FIRST NATIONAL STATE BANK OF NEW JERSEY et al., Defendants.

David STIRLING, Jr., and William G. Stirling, Plaintiffs,

v.

FIRST NATIONAL BANK OF CHICAGO et al., Defendants.

David STIRLING, Jr., and William G. Stirling, Plaintiffs,

v.

UNION PLANTERS NATIONAL BANK et al., Defendants.

Nos. 72 Civ. 4476, 74 Civ. 64–74 Civ. 66.

United States District Court, S. D. New York.

Sept. 30, 1974.

Feldshuh & Frank, New York City, for plaintiffs; Sidney Feldshuh, Robert Bartels, Richard M. Kraver, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendants Chemical Bank, Frank Beattie, John J. Irish and Paavo Prima; Ralph L. McAfee, Richard S. Simmons, Andrew P. Tashman, Lawrence R. Samuels, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendants The Chase Manhattan Bank, N. A. and First National State Bank of N. J.; Adlai S. Hardin, Jr., New York City, Raff & Scheider, Newark, N. J., of counsel.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y., Bleakley, Platt, Schmidt, Hart & Fritz, New York City, for defendants Marine Midland Bank-Western and Marine Midland Bank—Rochester; Alexander C. Cordes, Frank J. Laski, Harry S. Colburn, Jr., Buffalo, N. Y., of counsel.

Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for defendant Lincoln First Bank of Rochester; Edward J. Burns, William D. Eggers, Rochester, N. Y., of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendants Union Commerce Bank and Union Planters National Bank; Samuel E. Gates, Bernard J. Bonn, III, New York City, William S. Solmson, Canada, Russell & Turner, Memphis, Tenn., of counsel.

Townley, Updike, Carter & Rodgers, New York City, Kirkland & Ellis, Chicago, Ill., for defendant First National Bank of Chicago; Joseph DuCoeur, Chicago, Ill., of counsel.

## OPINION

BONSAL, District Judge.

Plaintiffs, David and William Stirling, owners of some 40% of the com-

mon stock of Stirling Homex Corporation ("Homex"),[1] are suing nine banks and certain officers and employees of these banks, on behalf of themselves and "all persons who owned, purchased or sold securities of Stirling Homex between March 11th, 1972 and July 10th, 1972 . . . ." By Order of the Judicial Panel on Multidistrict Litigation, filed December 21, 1973, those related actions pending outside the Southern District of New York[2] were transferred to this Court "for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407," with a related action pending here.[3]

Plaintiffs allege a conspiracy among the defendants to gain control of Homex and to perfect a preferred position as lienors upon the assets of Homex by means of fraudulent representations that the defendants would forbear from calling loans to Homex then outstanding and would advance additional sums of money.[4] Three causes of action are asserted. The first sounds in common law fraud. Plaintiffs allege that in return for Homex's execution of financial statements which would change the defendant banks from unsecured to secured creditors, the defendants represented that they would forbear from calling loans and would make new loans to Homex. These representations were allegedly false, and their breach, it is contended, resulted in the insolvency of Homex and the loss of value of Homex securities. Plaintiffs further allege that they resigned their positions as officers and directors of Homex in reliance on defend-

ants' false representations that if they did so, outstanding loans would not be called and new loans would be made.

Plaintiffs' second cause of action alleges violations of section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), Securities and Exchange Commission Rule 10b–5, 17 C.F.R. § 240.10b–5, and section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a). Plaintiffs contend that defendants were "control persons" and as such had a duty to disclose material information; that defendants falsely represented that they would not call outstanding loans and would make additional loans to Homex and failed to disclose their intention not to forbear from calling loans and not to make additional loans; that these misrepresentations and nondisclosures resulted in artificially inflated market prices; and that

"[i]n ignorance of the omission by the defendant banks and other co-conspirators, to disclose their intentions not to refrain from calling their loans and not to advance additional sums up to $55,000,000 . . . the plaintiffs and other members of the Class, relying upon the integrity of the market prices during said period in retaining their shares or in purchasing or selling their shares, sustained substantial injury and damages as a result of the wrongs herein complained of."

For a third cause of action, plaintiffs allege that defendants were "corporate

---

1. By Order of Judge Burke of the Western District of New York dated July 13, 1972, Homex's petition for proceedings under Chapter X of the Bankruptcy Act was approved and Frank G. Raichle, Esq. was appointed Trustee.

2. a) Stirling v. First National State Bank of New Jersey, et al. (D.N.J., Civil Action No. 1957–72), S.D.N.Y. Docket No. 74 Civ. 64.
 b) Stirling v. First National Bank of Chicago, et al. (N.D.Ill. Civil Action No. 72 C 3136), S.D.N.Y. Docket No. 74 Civ. 65.

c) Stirling v. Union Planters National Bank, et al. (W.D.Tenn. Civil Action No. 72–429), S.D.N.Y. Docket No. 74 Civ. 66.

3. Stirling v. Chemical Bank, et al., 72 Civ. 4476.

4. The amended complaint in Stirling v. Chemical Bank, et al., and the complaints in Stirling v. First National State Bank of New Jersey, et al., Stirling v. First National Bank of Chicago, et al., and Stirling v. Union Planters National Bank, et al., contain virtually identical factual allegations. For convenience, therefore, they are discussed in the text as a single complaint.

insiders and control persons" who were required to file reports under sections 13 and 16 of the Exchange Act, 15 U.S.C. §§ 78m and 78p, and that defendants failed to do so.

While Stirling v. First National Bank of Chicago, et al., 74 Civ. 65, was still pending before Judge McGarr of the Northern District of Illinois, defendant First National Bank of Chicago moved to dismiss the complaint. Prior to the filing of the Order of the Judicial Panel on Multidistrict Litigation transferring the case to this district, Judge McGarr, by "Memorandum Opinion and Order" dated December 4, 1973 granted the motion to dismiss, except insofar as plaintiffs' first cause of action stated individual claims for common law fraud.

The defendants in the other cases now move pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) for an order dismissing the amended complaint in Stirling v. Chemical Bank, et al., 72 Civ. 4476, and the complaints in Stirling v. First National State Bank of New Jersey, et al., 74 Civ. 64, and Stirling v. Union Planters National Bank, et al., 74 Civ. 66, for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. Plaintiffs move for an order pursuant to F.R.Civ. P. 6(b), 59, and 60, granting them "leave to renew or reargue their opposition to" the motion of defendant First National Bank of Chicago to dismiss the complaint, which was granted by Judge McGarr, or "alternatively, for a certification [of Judge McGarr's order] pursuant to 28 U.S.C. § 1292(b)."

*Section 10(b), Rule 10b–5, and Section 17(a)*

 To fall within the scope of section 10(b) of the Exchange Act and Rule 10b–5, the fraud alleged by plaintiffs must be "in connection with the purchase or sale of any security." 15 U.S.C. § 78j(b); SEC v. National Securities, Inc., 393 U.S. 453, 466, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969). For section

17(a) of the Securities Act to apply, fraud must be alleged "in the offer or sale of any securities." 15 U.S.C. § 77q. Generally, the courts of the Second, Third and Sixth Circuits [5] have held that only a purchaser or seller of a security may maintain an action for damages under section 10(b) of the Exchange Act and Rule 10b–5. *See* Haberman v. Murchison, 468 F.2d 1305 (2d Cir. 1972); Greenstein v. Paul, 400 F.2d 580 (2d Cir. 1968); Birnbaum v. Newport Steel Corp., 193 F.2d 461 (2d Cir.), cert. denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L. Ed. 1356 (1952); Landy v. Federal Deposit Insurance Corp., 486 F.2d 139 (3d Cir. 1973), cert. denied, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (U.S. 1974); Simmons v. Wolfson, 428 F.2d 455 (6th Cir. 1970), cert. denied, 400 U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971); James v. Gerber Products Co., 483 F.2d 944 (6th Cir. 1973). Similarly, it has been held that only a purchaser of securities may invoke the provisions of section 17(a) of the Securities Act. *See* Birnbaum v. Newport Steel Corp., *supra*; Slavin v. Germantown Fire Insurance Co., 174 F.2d 799, 807 n. 17 (3d Cir. 1949); Berne Street Enterprises, Inc. v. American Export Isbrandtsen Co., [1969–1970 Transfer Binder] CCH Fed. Sec.L.Rep. ¶ 92,711 (S.D.N.Y.1970). Those cases which have relaxed the requirement that plaintiff be a purchaser or seller have involved a fraud in connection with an actual purchase or sale of securities which resulted in injury to the plaintiff. *See e. g.* Eason v. General Motors Acceptance Corp., 490 F.2d 654 (7th Cir. 1973), cert. denied, 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (U.S. 1974); James v. Gerber Products Co., *supra*; Crane Co. v. Westinghouse Air Brake Co., 419 F.2d 787 (2d Cir. 1969), cert. denied, 400 U.S. 822, 91 S.Ct. 41, 27 L.Ed.2d 50 (1970); Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540 (2d Cir. 1967); Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir.), cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d

---

5. This Court must apply the substantive law of the transferor forum. In re Plumbing Fixtures Litigation, 342 F.Supp. 756 (J.P. M.L.1972).

460 (1967); Heyman v. Heyman, 356 F.Supp. 958 (S.D.N.Y.1973).

In the present case, plaintiffs in essence allege only that the defendants falsely represented that they would not call outstanding loans and would advance additional monies to Homex; that plaintiffs relied on these representations and retained their Homex stock; and that the value of their Homex stock declined when the defendants' representations proved false, the loans to Homex were called, and no further monies were advanced. Not only have plaintiffs failed to allege that they are purchasers or sellers of securities, but they have also failed to allege that there was any purchase or sale of securities.

Plaintiffs argue that by letter of April 15, 1972, they expressed willingness to pledge their unencumbered Homex stock to the defendant banks in order to induce the banks to forbear from calling outstanding loans. The letter of April 15 provides:

> "5. David Stirling and William G. Stirling will pledge to the Agent, as agent for the Banks, all unencumbered shares of capital stock of the Company owned by them (and all encumbered shares now owned by them which may hereafter cease to be encumbered); such pledge to be terminated when all defaults by the Company have been cured."

Plaintiffs contend that this letter operated as a sale of securities. However, no pledge of plaintiffs' stock was ever actually made, and a mere expression of willingness to pledge stock does not constitute a sale of a security.

Plaintiffs also contend that a "Revolving Credit Agreement" entered into between Homex and the defendant banks involved the purchase or sale of securities. According to the complaint, the purpose of the "Revolving Credit Agreement" was to obtain "working capital" for Homex and its wholly-owned subsidiary, U.S. Shelter Corporation. There is nothing in the complaint to suggest that the "Revolving Credit Agreement" involved the purchase or sale of securities or was anything but an ordinary commercial loan transaction. See McClure v. First National Bank, 352 F.Supp. 454 (N.D.Tex.1973). Moreover, a credit agreement between Homex and the defendant banks could not confer upon plaintiffs as shareholders of Homex the status of purchaser or seller required by Birnbaum and progeny for standing to bring an action for damages under Rule 10b–5.

Plaintiffs having failed to allege that they are purchasers or sellers of securities or even that there was any purchase or sale of securities, the defendants' motions to dismiss the amended complaint in Stirling v. Chemical Bank, et al., and the complaints in Stirling v. First National State Bank of New Jersey, et al. and Stirling v. Union Planters National Bank, et al., are granted as to plaintiffs' second cause of action. Moreover, since plaintiffs have not alleged any purchase or sale of securities, Judge McGarr's decision in Stirling v. First National Bank of Chicago, et al., 74 Civ. 65, is not affected by the Seventh Circuit's decision in Eason v. General Motors Acceptance Corp., supra. The complaint in Eason alleged fraud in connection with the issuance of securities by a corporation in which plaintiffs were stockholders. Plaintiffs' motion for an order granting them leave to reargue or certifying Judge McGarr's order for appeal is therefore denied.

*Sections 13 and 16*

Section 13(d)(1) of the Exchange Act imposes certain reporting requirements on any person who, after acquiring the "beneficial ownership" of any registered equity security, is the beneficial owner of more than 5 per cent of such securities. Plaintiffs' complaint fails to allege that the defendants either acquired or were the beneficial owners of any Homex stock. Plaintiffs contend, however, that the defendant banks acting as a group acquired the beneficial ownership of more than 5 per cent of Homex stock through the letter of April

15 in which plaintiffs expressed their willingness to pledge their unencumbered Homex stock to the defendant banks.

As pointed out earlier, there never was a pledge of stock. Moreover, voting control of stock has been held to be the only relevant element of "beneficial ownership" within the meaning of section 13(d)(1). GAF Corp. v. Milstein, 453 F.2d 709, 716 (2d Cir. 1971), cert. denied, 406 U.S. 910, 92 S.Ct. 1610, 31 L. Ed.2d 821 (1972); Bath Industries, Inc. v. Blot, 427 F.2d 97, 112 (7th Cir. 1970). Plaintiffs have not alleged that the defendants ever acquired voting control over any Homex stock. Finally, plaintiffs have alleged no injury to themselves resulting from the defendants' failure to file the reports allegedly required under section 13(d)(1). See Washburn v. Madison Square Garden Corp., 340 F.Supp. 504, 508 (S.D.N.Y. 1972); Grow Chemical Corp. v. Uran, 316 F.Supp. 891 (S.D.N.Y.1970). Plaintiffs have failed to state a claim under section 13(d) upon which relief can be granted.

■ Section 16(a) of the Exchange Act imposes certain reporting requirements on officers, directors and beneficial owners of more than 10 per cent of any class of any registered equity security. Plaintiffs have not alleged, however, that defendants were beneficial owners of any Homex stock, or that they were officers or directors of Homex. The letter of April 15, 1972 in which plaintiffs expressed willingness to pledge their Homex stock did not make defendants beneficial owners of Homex stock within the meaning of section 16(a). Cf. 17 C.F.R. § 240.16a–6(a) n. 2.

■ Plaintiffs contend that when the office of President of Homex "was filled by a person designated and approved by the defendants," as alleged in the complaint, the defendants became officers of Homex within the meaning of section 16(a) through "deputization." The theory of "deputization" has been advanced

in cases under section 16(b) involving "short swing" profits. See Blau v. Lehman, 368 U.S. 403, 82 S.Ct. 451, 7 L.Ed. 2d 403 (1962); Feder v. Martin Marietta Corp., 406 F.2d 260 (2d Cir. 1969), cert. denied, 396 U.S. 1036, 90 S.Ct. 678, 24 L.Ed.2d 681 (1970). However, the concept of "deputization" has not been extended to the reporting requirements of section 16(a). Moreover, even if· defendants were required to file reports under section 16(a), plaintiffs have alleged no injury to themselves resulting from defendants' failure to file. Cf. Grow Chemical Corp. v. Uran, supra.

Plaintiffs having failed to state a claim under sections 13(d) and 16(a) upon which relief can be granted, defendants' motions to dismiss the amended complaint in Stirling v. Chemical Bank, et al., and the complaints in Stirling v. First National State Bank of New Jersey, et al. and Stirling v. Union Planters National Bank, et al., are granted as to plaintiffs' third cause of action.

*Common Law Fraud*

■ Since plaintiffs have not stated any federal claims upon which relief can be granted, this Court may not entertain plaintiffs' common law fraud claims under the doctrine of pendent jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Heyman v. Heyman, supra.

■ The amended complaint in Stirling v. Chemical Bank, et al. asserts no basis for federal jurisdiction over plaintiffs' common law fraud claims other than pendent jurisdiction. According to the allegations of the complaint, plaintiffs are residents of New York. All of the defendants appear to be citizens of New York for diversity purposes, except Union Commerce Bank, which appears to be a citizen of Ohio. Complete diversity is therefore lacking and this Court is without jurisdiction under 28 U.S.C. § 1332. John Birch Society v. National Broadcasting Co., 377 F.2d 194 (2d Cir. 1967). Clearly this case was not meant to be brought as a diversity action, and

plaintiffs have indicated no intention of proceeding against the Union Commerce Bank in the absence of the New York defendants. See Oppenheim v. Sterling, 368 F.2d 516 (10th Cir. 1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1357, 18 L. Ed.2d 441 (1967), reh. denied, 388 U.S. 925, 87 S.Ct. 2127, 18 L.Ed.2d 1380 (1967), 389 U.S. 1059, 88 S.Ct. 757, 19 L.Ed.2d 861 (1968); cf. Kerr v. Compagnie De Ultramar, 250 F.2d 860 (2d Cir. 1958). Defendants' motions to dismiss the amended complaint in Stirling v. Chemical Bank, et al. are therefore granted as to plaintiffs' first cause of action, without prejudice to plaintiffs' instituting a new action against Union Commerce Bank, if they are so advised.

In the cases of Stirling v. First National State Bank of New Jersey, et al. and Stirling v. Union Planters National Bank, et al., diversity of citizenship and an amount in controversy in excess of $10,000 have been alleged. Jurisdiction over plaintiffs' common law fraud claims in these cases therefore exists under 28 U.S.C. § 1332. The fraud allegedly having occurred in New York, none of the parties disputes the application of New York law.

■ Plaintiffs assert injury in their capacity as Homex shareholders and as individuals. They allege that misrepresentations made to Homex by the defendants resulted in the insolvency of Homex and the loss of value of Homex securities. Plaintiffs also allege that in reliance on the defendants' misrepresentations they resigned as officers and directors of Homex.

Insofar as plaintiffs allege injury to themselves as shareholders, in common with all other Homex shareholders, arising from misrepresentations made to Homex, they have no personal right of action. "For a shareholder to obtain a personal right of action there must be relations between him and the tort-feasor independent of those which the shareholder derives through his interest in the corporate assets and business." Green v. Victor Talking Machine Co., 24 F.2d 378, 381 (2d Cir.), cert. denied, 278 U.S. 602, 49 S.Ct. 9, 73 L.Ed. 530 (1928); see also Brody v. Chemical Bank, 482 F.2d 1111 (2d Cir.), cert. denied, 414 U.S. 1104, 94 S.Ct. 737, 38 L. Ed.2d 559 (1973); Niles v. New York Central and Hudson River R.R. Co., 176 N.Y..119, 68 N.E. 142 (1903).

■ Plaintiffs argue that their expression of willingness to pledge their Homex stock, contained in their letter of April 15, 1972, created a relationship between them and the defendants, independent of the relationship which they derived through their interest as shareholders in Homex. Nevertheless, no pledge of stock was ever actually made, cf. Ritchie v. McMullen, 79 F. 522 (6th Cir.), cert. denied, 168 U.S. 710, 18 S.Ct. 945, 42 L.Ed. 1212 (1897), and plaintiffs do not allege that they suffered any injury as a result of expressing their willingness to pledge their stock.

■ However, insofar as plaintiffs allege that they resigned their positions as officers and directors of Homex in reliance on defendants' false representations made to them as individuals, that if they did so, outstanding loans would not be called and further loans would be made, a cause of action for common law fraud may be stated. Therefore, the motions of First National State Bank of New Jersey and Union Planters National Bank to dismiss the complaints in Stirling v. First National State Bank of New Jersey, et al. and Stirling v. Union Planters National Bank, et al. are granted as to plaintiffs' first cause of action, provided that plaintiffs are given leave to file amended complaints within twenty days of the date of the order to be entered herein, setting forth their claims arising from their resignations as officers and directors of Homex in reliance on defendants' allegedly false representations made to them as individuals.

To summarize, defendants' motions to dismiss the amended complaint in Stirling v. Chemical Bank, et al., and the complaints in Stirling v. First National State Bank of New Jersey, et al. and Stirling v. Union Planters National

Bank, et al., are granted. The motions of defendants First National State Bank of New Jersey and Union Planters National Bank are granted with leave to plaintiffs to file amended complaints with respect to the first cause of action within twenty days of the date of the order to be entered herein. The motion of Union Commerce Bank is granted without prejudice to plaintiffs' instituting a new action against said bank, if they are so advised. Plaintiffs' motion for an order granting them leave to reargue or certifying Judge McGarr's order for appeal is denied.

Settle orders on notice.