**In re SUGAR INDUSTRY ANTITRUST LITIGATION.**

**In re SUGAR INDUSTRY ANTITRUST LITIGATION (EAST COAST).**

*Saul Garcia, d/b/a Airport Grocery, etc. v. Amalgamated Sugar Co., et al.,* W.D. Texas, C.A. No. MO–76–CA–71.

**No. 201/201A.**

Judicial Panel on Multidistrict Litigation.

June 30, 1977.

See also, 427 F.Supp. 1013.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III *, STANLEY A WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER *, Judges of the Panel.

PER CURIAM.

On January 17, 1977, the Panel issued an opinion and order that maintained bifurcated pretrial proceedings [1] in this litigation and transferred certain recently filed actions to the Northern District of California for inclusion in the Section 1407 proceedings pending there. Concerning these ten recently filed actions, the Panel stated:

> We . . . find that [these] actions share common questions of fact with each

other and with the actions previously transferred to the Northern District of California and that transfer of the ten recently filed actions to that district for inclusion in the pretrial proceedings there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the entire litigation. . . .

Of the recently filed actions, the complaints in *Sambo's, Farm House Foods* and *Missouri* are brought by or on behalf of Western plaintiffs, involve only Western defendants and Amstar, allege solely Western conspiracies and therefore are clearly appropriate for transfer to the Northern District of California.

The complaints in the other seven recently filed actions however, all include allegations that give rise to national implications. The complaints in *Waldorf* and *Klein* involve purported national classes, and name defendants involved in MDL-201 and in MDL-201A. Plaintiff Klein additionally alleges a national conspiracy and names new defendants. In *Jordan, Sethness Greenleaf, Continental Coffee* and *Federal Bake Shops,* plaintiffs allege a national conspiracy and include defendants involved in MDL-210 and MDL-201A. New defendants are also added to the complaints in the latter three actions. Plaintiffs in *A & P Bakery* name defendants involved in MDL-201 and in MDL-201A, as well as new defendants. Thus, because of the presence of national class allegations, because of the inclusion of national conspiracy allegations, or because no plaintiff in these seven actions apparently is voluntarily willing to bifurcate the Eastern and Western aspects of its action in a fashion similar to that undertaken by the plaintiffs in *Freedman,* none of these seven recently filed actions neatly fits into either MDL-201 or MDL-201A.

---

\* Judges Lord and Harper were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. MDL-201 in the Northern District of California before Judge George H. Boldt and MDL-201A in the Eastern District of Pennsylvania before Judge Edward N. Cahn.

We are persuaded that these seven actions, in their entirety, should be transferred to a single district so that one judge may determine the propriety of the proposed national classes, supervise the pretrial of the national conspiracy allegations, and supervise the pretrial concerning the relationship among Western defendants, Eastern defendants, Amstar and new defendants, collectively, in the various markets. Thus there will be no possibility of duplicative discovery or conflicting pretrial rulings on these overriding questions.

On balance, we find that these seven actions are best suited for inclusion in the pretrial proceedings in the Northern District of California. Because of the number and nature of the actions there, Judge Boldt has already become acquainted with the facts and issues as they apply to three of the four major sugar marketing regions in the nation. In addition, on the basis of the record before us, it appears that the pretrial proceedings in the Northern District of California are somewhat more advanced than those in the Eastern District of Pennsylvania.

We recognize that under this decision the potential for overlap between MDL-201 and MDL-201A exists, especially because of the national class and conspiracy allegations, as well as the presence in both MDL-201 and MDL-201A of Eastern defendants and Amstar. . . . [However], when and if the parties in either MDL-201 or MDL-201A properly raise questions concerning either discovery or pretrial rulings that might result in duplication or conflict between MDL-201 and MDL-201A, we remain confident that Judges Boldt and Cahn will effectively coordinate their own efforts and the efforts of the parties. *In re Sugar Industry Antitrust Litigation,* 427 F.Supp. 1018, 1025–27 (Jud.Pan.Mult.Lit.1977) (footnotes omitted).

On March 28, 1977, the Panel denied motions brought by various defendants to reconsider the Panel's January 17, 1977 decision and to transfer or remand certain actions from the Northern District of California to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407. In addition, the Panel denied the alternative motion of defendant Glades County Sugar Growers Cooperative Association (Glades) to transfer all claims asserted by plaintiffs in MDL-201 against Glades to the Eastern District of Pennsylvania for inclusion in MDL-201A.

The complaint in *Garcia,* pending in the Western District of Texas, is brought on behalf of a class composed of retail grocers in the Chicago-West market [2], alleges a national conspiracy, and names defendants included in both MDL-201 and MDL-201A. Because *Garcia* appeared to share questions of fact with the actions previously transferred to the Northern District of California, the Panel issued an order to show why *Garcia* should not be included in MDL-201.[3]

Only Glades, a defendant in *Garcia* and in four other actions recently transferred to the Northern District of California, opposes the inclusion of *Garcia* in MDL-201.[4] Glades' position concerning *Garcia* is precisely the same as its position on the motions for reconsideration of the Panel's January 17, 1977 decision.[5] Glades requests the Panel to transfer *Garcia* to the Eastern District of Pennsylvania. Should the Panel decide to transfer *Garcia* to MDL-201, Glades alternatively requests the Panel to transfer the claims against Glades in *Garcia* to MDL-201A. Glades argues that it should be required to appear only in MDL-201A

2. A similar class already has been certified in MDL-201.

3. *See* Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

4. Another defendant, South Coast Corp., originally opposed the inclusion of *Garcia* in MDL-201, but withdrew this opposition in light of our January 17, 1977 opinion and order.

5. It should be noted that Glades' arguments concerning *Garcia* were made in conjunction with its arguments on its motion for reconsideration. Glades did not address the question of *Garcia's* transfer under Section 1407 after the Panel denied the motions for reconsideration and Glades' alternative motion on March 28, 1977.

because it is a very small Florida-based concern and does no business in the markets involved in MDL-201.

We find that *Garcia* shares common questions of fact with the actions previously transferred to the Northern District of California and that inclusion of *Garcia* in the pretrial proceedings there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

In our opinion and order of January 17, 1977, we considered and rejected arguments very similar to those now made by Glades. *See In re Sugar Industry Antitrust Litigation, supra,* 427 F.Supp. at 1025, 1027. Glades' motion raises no considerations or arguments not previously carefully considered by the Panel, and under our January opinion and order *Garcia* clearly should be transferred to MDL-201.

IT IS THEREFORE ORDERED that the action entitled *Saul Garcia, d/b/a Airport Grocery, etc. v. Amalgamated Sugar Co., el al.,* W.D. Texas, C.A. No. Mo-76-CA-71, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C § 1407 with the actions in the above-captioned litigation already pending in that district.