In re FINE PAPER ANTITRUST LITIGATION.

No. 323.

Judicial Panel on Multidistrict Litigation.

March 3, 1978.

Before JOHN MINOR WISDOM *, Chairman, and EDWARD WEINFELD *, EDWIN A. ROBSON *, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

This litigation presently consists of fifteen actions pending in eight federal districts: four in the Northern District of Illinois; three each in the District of Connecticut and the Eastern District of Pennsylvania; and one each in the Southern District of Ohio, the District of South Dakota, the Northern District of California, the Southern District of New York, and the Western District of Missouri.

The complaints in these actions basically allege that from as early as 1965 until 1977, the defendants and various co-conspirators conspired at the mill level, in violation of Section 1 of the Sherman Act, to fix, raise, maintain and stabilize the price of fine paper [1] and to eliminate inter- and intra-brand competition among their wholesaler customers. All the actions were filed as purported class actions. While there are some variations in the descriptions of the classes sought, most are national classes of all, or some group of, fine paper purchasers. The complaints name a total of sixteen defendants, including thirteen defendants that are named in all actions and one defendant that is named in fourteen actions.

* Judges Wisdom, Weinfeld and Robson took no part in the decision of this matter.

1. The complaints in this litigation generally describe "fine paper" as follows:

Fine paper means all types and kinds of business and commercial printing and writing papers, converting papers, and publication papers, including, but not limited to, coated and uncoated bonds, off-set, carbonless, card stock, envelopes, tablets, form bonds, coated book papers, and xerographic papers.

A federal grand jury in the Eastern District of Pennsylvania currently is investigating possible antitrust violations in the manufacture, distribution and sale of paper and paper products. No indictments have been returned, and the grand jury's investigation is continuing. Additionally, the Federal Trade Commission (FTC) has recently authorized its Boston Regional Office to investigate certain aspects of the fine paper industry.[2]

This litigation is before the Panel on the motion of plaintiffs in twelve of the fifteen actions[3] for transfer pursuant to 28 U.S.C. § 1407 of all actions pending in districts other than the District of Connecticut to that district for coordinated or consolidated pretrial proceedings with the actions pending there. In the alternative, these movants favor transfer to the Northern District of Illinois. All other parties that have taken a position before the Panel, except Crown Zellerbach Corporation, a defendant in three of these actions, favor or do not oppose transfer. Various parties either cross-move for or urge transfer to the Southern District of Ohio, the Southern District of New York, the Northern District of Illinois or the Eastern District of Pennsylvania.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Although Crown Zellerbach is a defendant in actions in three different districts, and does not state that it opposes Section 1407 transfer in this litigation, this defendant nevertheless states that inclusion of the actions against it in Section 1407 proceedings would involve it in protracted proceedings involving actions to which Crown Zellerbach is not a party. Such a transfer, Crown Zellerbach asserts, would unduly complicate and delay adjudication of the claims asserted against it.

This argument is not persuasive. Similar, if not identical, arguments have often been made to, and rejected by, the Panel in other multidistrict antitrust litigation,[4] and Crown Zellerbach here raises no novel considerations or contentions. The extent of coordinated or consolidated pretrial proceedings, and the degree of any party's participation in those proceedings, is, of course, a matter solely within the discretion of the transferee judge. *In re Equity Funding Corporation of America Securities Litigation*, 375 F.Supp. 1378, 1384 (Jud.Pan. Mult.Lit.1974).

---

2. Many of the parties before the Panel are in dispute over the relevance of the FTC investigation to this litigation. In the FTC's resolution directing the investigation and authorizing use of compulsory process, the FTC said the investigation's purpose is to determine whether industry members may be engaged in acts and practices which may be in violation of Section 5 of the Federal Trade Commission Act, including, but not limited to, resale price maintenance and other vertical restraints of trade in connection with the manufacture, sale, and distribution of fine paper products in the United States. *See* 820 *Antitrust & Trade Reg. Rep.* (BNA), at A–20 (Sept. 29, 1977).

   The common defendants and one plaintiff contend that because plaintiffs in the litigation before us have alleged a *horizontal* conspiracy at the mill level, the FTC investigation of possible *vertical* restraints is not relevant to this litigation.

   The moving plaintiffs point out that the complaints in this litigation allege that defendants engaged in a nationwide horizontal conspiracy at the mill level to fix the price of fine paper *and* to eliminate inter- and intra-brand competition among their wholesaler customers. These plaintiffs contend that the FTC investigation is relevant to at least the allegations that defendants conspired to eliminate competition.

3. The Panel has been advised that additional actions have recently been filed in this litigation. These actions will be treated as tag-along actions. *See* Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259–60 (1975).

4. *See, e. g., In re Sugar Industry Antitrust Litigation*, 433 F.Supp. 1122, 1124–25 (Jud.Pan. Mult.Lit.1977); 427 F.Supp. 1018, 1025, 1027 (Jud.Pan.Mult.Lit.1977); *In re Folding Carton Antitrust Litigation*, 415 F.Supp. 384, 386 (Jud. Pan.Mult.Lit.1976).

The parties favoring transfer to the District of Connecticut and those parties that urge transfer to the Southern District of Ohio have each made detailed arguments and analyses of the fine paper industry in an attempt to demonstrate that—in terms of the locations of defendants' principal places of business, the executive offices of their fine paper divisions and/or defendants' fine paper mills—the center of gravity in this litigation is the region surrounding and including, respectively, Connecticut or Ohio. Each of these groups also maintains that the transferee district that they favor would be a convenient and readily accessible forum for the parties and witnesses in this litigation. The parties urging transfer to the Northern District of Illinois or the Southern District of New York also stress the central location and easy accessibility of those districts.

On the basis of the record before us, no district emerges as clearly the most appropriate transferee forum for this litigation. On balance, however, we conclude that the Eastern District of Pennsylvania is preferable. While the precise scope of the grand jury investigation being conducted there is not presently known to the Panel, a subpoena issued by that grand jury to at least one paper manufacturer in November 1976 has been included in the record before the Panel.[5] A careful analysis of this subpoena reveals that it sought a significant quantity and variety of documents relating to the structure and operation of the paper industry.[6] We are persuaded that, whether or not the Philadelphia grand jury returns any indictments affecting any segment of the paper industry, many of the documents subpoenaed by that grand jury will be relevant to the actions now before us. Transfer of this litigation to the Eastern District of Pennsylvania will therefore best facilitate any necessary coordination between the private actions and the Government proceedings occurring there.[7] *See, e. g., In re Corrugated Container Antitrust Litigation,* 441 F.Supp. 921, 924 (Jud.Pan.Mult.Lit., filed November 29, 1977); *In re Hawaiian Hotel Room Rate Antitrust Litigation,* 438 F.Supp. 935, 936 (Jud.Pan.Mult.Lit.1977); *In re Cement and Concrete Antitrust Litigation,* 437 F.Supp. 750, 752–53 (Jud.Pan. Mult.Lit.1977). In addition, should there eventually arise any need to coordinate activities in this litigation with the FTC's investigation of the fine paper industry pending in Boston, we observe that the relatively close geographical accessibility of Philadelphia to Boston will facilitate that coordination. *See In re Plumbing Fixture Cases,* 295 F.Supp. 33, 33–34 (Jud.Pan.Mult. Lit.1968).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the Eastern District of Pennsylvania be, and the same hereby are, transferred to that district and,

5. Plaintiff in one of the Eastern District of Pennsylvania actions attached a copy of this subpoena to its papers before the Panel. The subpoena was directed to Continental Group, Inc., which is a defendant in *In re Corrugated Container Antitrust Litigation,* MDL–310, but is not a defendant in the actions now before the Panel. This plaintiff also attached Continental's response to a conditional transfer order issued by the Panel in *Corrugated Container* in which Continental represents that ten other paper manufacturers have been served by the grand jury with similar subpoenas. Brief of Continental Group, Inc. at 9, *In re Corrugated Container Antitrust Litigation,* MDL–310 (J.P. M.L., filed January 16, 1978). It appears that at least eight of these manufacturers are defendants in the litigation now before us. *See*

Margolies, *U. S. Starts Inquiry Into Paper Industry, Including Look at Possible Price-Fixing,* Wall St. J., Nov. 26, 1976, at 2, col. 3.

6. In Continental's response to the conditional transfer order in *Corrugated Container,* Continental represents that it alone already has produced approximately 10,000 documents to the Philadelphia grand jury pursuant to this subpoena. Brief of Continental Group, Inc., *supra* at 9.

7. We note that the court in the Eastern District of Pennsylvania has entered an order impounding all materials obtained by the Antitrust Division of the Department of Justice in the course of the Philadelphia grand jury investigation.

with the consent of that court, assigned to the Honorable Joseph L. McGlynn, Jr. for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

## SCHEDULE A

### Northern District of Illinois

| | |
|---|---|
| Herst Litho, Inc. v. Boise Cascade Corp., et al. | Civil Action No. 77–C–2563 |
| Wallis L. Weinper and Pearl B. LaThomus d/b/a LaThomus & Co. v. Boise Cascade Corp., et al. | Civil Action No. 77–C–3468 |
| The State of Illinois v. Boise Cascade Corp., et al. | Civil Action No. 77–C–4735 |
| Campbell Office Supply Co., etc. v. Boise Cascade Corp., et al. | Civil Action No. 77–C–4759 |

### Southern District of Ohio

| | |
|---|---|
| Copies Unlimited, Inc. v. Boise Cascade Corp., et al. | Civil Action No. C–1–429 |

### District of Connecticut

| | |
|---|---|
| State of Connecticut v. Boise Cascade Corp., et al. | Civil Action No. H–77–357 |
| Phillip Meroney and Ruth Meroney v. Boise Cascade Corp., et al. | Civil Action No. H–77–517 |
| William Fels t/a Fels Printing Co. v. Boise Cascade Corp., et al. | Civil Action No. H–77–542 |

### Eastern District of Pennsylvania

| | |
|---|---|
| The Pengad Companies, Inc. v. Boise Cascade Corp., et al. | Civil Action No. 77–3352 |
| Moses Jaroslawicz, etc. v. Boise Cascade Corp. et al. | Civil Action No. 77–3183 |
| Joli Greeting Card Co., Inc. v. Boise Cascade Corp., et al. | Civil Action No. 78–171 |

### District of South Dakota

| | |
|---|---|
| State of South Dakota v. Boise Cascade Corp., et al. | Civil Action No. Civ–77–3034 |

### Northern District of California

| | |
|---|---|
| William Grader v. Boise Cascade Corp., et al. | Civil Action No. C77–2435–CBR |

### Southern District of New York

| | |
|---|---|
| Magazine Management Co., Inc. v. Boise Cascade Corp., et al. | Civil Action No. 77 Civ 5445 |

### Western District of Missouri

| | |
|---|---|
| State of Missouri v. Boise Cascade Corp., et al. | Civil Action No. 77–4317–CV–C |