**In re JAPANESE ELECTRONIC PRODUCTS ANTITRUST LITIGATION.**

**No. 189.**

Judicial Panel on Multidistrict Litigation.

Jan. 10, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM,

EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL *, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

In late 1970, the National Union Electronics Corporation (NUE) instituted an action in the District of New Jersey against seven major Japanese manufacturers of television receivers and their American affiliates. In September 1974, the Zenith Radio Corporation filed an action in the Eastern District of Pennsylvania against all of the defendants originally named by NUE, plus four others. The bulk of the defendants in the two actions move the Panel for an order, pursuant to 28 U.S.C. § 1407, transferring the *Zenith* action to the District of New Jersey for coordinated or consolidated pretrial proceedings with the *NUE* action pending in that district. Plaintiffs oppose transfer but suggest that in the event the Panel decides to transfer the two actions, the Eastern District of Pennsylvania is the most appropriate transferee forum.

We find that these two actions share common questions of fact and that transfer of the New Jersey action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the action pending there will be for the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.[1]

NUE alleges that beginning at least as early as 1960, the defendants conspired to sell television receivers within the United States at artificially low prices in violation of Sections 1 and 2 of the Sherman Act. NUE also claims that defendants violated the Antidumping Act of 1916, the Wilson Tariff Act, Section 5 of the Federal Trade Commission Act and the Robinson-Patman Act. Each of these claims is based primarily on NUE's contention that defendants engaged in price discrimination between Japanese and American purchasers of comparable television receivers.

Zenith's complaint contains allegations of illegality similar to those asserted by NUE with the exception that Zenith alleges relevant lines of commerce encompassing a broad range of "consumer electronic products" in addition to television receivers and contends that the alleged violations spanned a longer period of time. Zenith additionally asserts a Robinson-Patman Act claim based on defendants' alleged price discrimination in domestic sales and a claim under Section 7 of the Clayton Act arising from the acquisition by Matsushita Electric Industrial Co., Ltd. of the "QUASAR" division of Motorola, Inc., while abandoning NUE's claim under the FTC Act.

The opponents of transfer contend that because the *NUE* action focuses solely on television receivers while the *Zenith* action involves a wide variety of electronic products, an insufficient factual overlap exists to justify transfer. They also assert that transfer is improper because the *Zenith* action involves a greater time period than the *NUE* action and adds additional non-common claims and defendants. They note that several motions in the *NUE* action have been undecided for a substantial amount of time and contend that transfer would only result in delaying both actions.

These arguments are not persuasive. Although the *Zenith* action involves "consumer electronic products" other than television receivers, its focal point is clearly the television receiver industry. Therefore, unless the two actions

---

* Although Judges Lord and Weigel were not present at the Panel hearing, they have, with the consent of all parties, participated in this decision.

1. To expedite the pretrial processing of this litigation, we previously entered an order transferring the *NUE* action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the *Zenith* action pending in that district. This per curiam opinion embodies the reasons for our decision.

are transferred for coordinated or consolidated pretrial proceedings pursuant to Section 1407, discovery on the economic and conspiratorial issues common to both actions will be unnecessarily duplicated. *See, e. g.*, In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F.Supp. 244, 247 (Jud.Pan.Mult.Lit. 1969).

■ The fact that the *Zenith* action involves four additional defendants and adds new claims under the Clayton and Robinson-Patman Acts is no obstacle to transfer. Transfer under Section 1407 is not dependent on a strict identity of issues and parties but rather on the existence of one or more common questions of fact. In re Gypsum Wallboard Cases, 303 F.Supp. 510, 511 (Jud.Pan.Mult.Lit. 1969). Complex common questions of fact plainly exist in these two actions, warranting transfer.

The fact that several motions remain undecided in the *NUE* action is understandable in light of the unfortunate series of occurrences that have affected it. Instead of delaying that action or the *Zenith* action, however, transfer will result in the expeditious and efficient resolution of common factual and legal questions under the firm guidance of the transferee judge and will result in a substantial savings of judicial time and resources.

■ Either the District of New Jersey or the Eastern District of Pennsylvania would be an appropriate Section 1407 transferee forum for this litigation. Inasmuch as the *Zenith* action contains allegations somewhat broader than those asserted in the *NUE* action, however, we find that transfer of the *NUE* action to the Eastern District of Pennsylvania will best promote the overall just and efficient conduct of the litigation. *See* In re Midwest Milk Monopolization Litigation, 379 F.Supp. 989, 991 (Jud.Pan.Mult.Lit.1974).

It is therefore ordered that the action on the attached Schedule A pending in the District of New Jersey be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable A. Leon Higginbotham, Jr. for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the action pending in that district and listed on the attached Schedule A.

SCHEDULE A

District of New Jersey

| National Union Electric Corp. v. Matsushita Electric Industrial Co. Ltd., et al. | Civil Action No. 1706–70 |
|---|---|

Eastern District of Pennsylvania

| Zenith Radio Corp. v. Matsushita Electric Industrial Co. Ltd., et al. | Civil Action No. 74–2451 |
|---|---|