### In re HAVEN INDUSTRIES, INC. SECURITIES LITIGATION.

### No. 246.

Judicial Panel on Multidistrict Litigation.

June 9, 1976.

---

5. See, for example, 518 F.2d at 411–13, affirming that the four plaintiffs in *Berry III* opted-out of the *Land-Jennings* class.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD \*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III \*, STANLEY A. WEIGEL, and ANDREW A. CAFFREY, Judges of the Panel.

### PER CURIAM.

This litigation consists of two actions commenced in two different federal districts: the District of Massachusetts and the Southern District of New York. Both actions were instituted pursuant to Section 17 of the Securities Act of 1933 and Section 10 of the Securities Exchange Act of 1934 for damages resulting from plaintiffs' purchases of Haven Industries, Inc. securities. Plaintiffs allege that these purchases were made on the basis of defendants' conspiratorial and fraudulent conduct, including omissions and misstatements of material facts. The Massachusetts action also includes a damages claim for plaintiffs' purchases of other companies' securities, unrelated to Haven, but controlled by some of the defendants.

Defendants in this litigation include several publicly-owned corporations and present and former directors, officers, attorneys, accountants and underwriters for Haven, now known as Federated Communi-

cations Corp. There are 28 common defendants in the two actions.

This matter is before the Panel on Federated's motion to transfer the Massachusetts action to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action pending there. Several defendants support this motion. The plaintiffs in both actions and two defendants in the Massachusetts action—Harris, Upham & Co. and Nelson Carpentier—oppose transfer, but suggest in the alternative that the District of Massachusetts would be a more convenient forum, should transfer be ordered.

We find that these actions share common questions of fact and that transfer of the Massachusetts action to the Southern District of New York under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

No one denies that significant common questions of fact exist in the two actions. The opponents of transfer basically contend, however, that the common factual issues are neither numerous nor complex enough to justify Section 1407 treatment. They suggest that voluntary coordination among the parties is a suitable alternative to transfer. In addition, defendants Carpentier and Harris, Upham assert that they are defendants in the Massachusetts action only and should not be required to participate in pretrial activities in which they have no interest. These defendants also maintain that transfer would impose a financial hardship upon them.

Opponents' arguments are not persuasive. An examination of the complaints in these two actions reveals similar allegations of a nationwide conspiracy to fraudulently inflate the price of Haven securities. These allegations, in our judgment, especially in light of the fact that the two actions share 28 common defendants, raise common factual questions that are complex enough,

---

\* Judges Weinfeld and Lord were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

with the accompanying discovery so time-consuming, as to warrant transfer. *Cf. In re Scotch Whiskey Antitrust Litigation,* 299 F.Supp. 543, 544 (Jud.Pan.Mult.Lit.1969). Absent transfer under Section 1407, pretrial proceedings will be needlessly duplicated. And while we commend the parties' desires to coordinate discovery among themselves, singular judicial treatment in the circumstances of this particular litigation will best ensure streamlining of all aspects of the pretrial process.

Defendants Carpentier's and Harris, Upham's arguments opposing transfer because of their non-involvement in the New York action are potentially negated by the fact that the New York plaintiff has moved to add them as defendants in that action. In any event, transfer under Section 1407 is not dependent upon a total identity of parties and issues but rather on the existence of common questions of fact. *See In re Japanese Electronic Products Antitrust Litigation,* 388 F.Supp. 565, 567 (Jud.Pan.Mult. Lit.1975). Moreover, the judicious use of lead and liaison counsel and steering committees could minimize the expenses and degree of participation of these defendants, and the other parties as well, and thereby produce an overall savings through a pooling of efforts. *See Manual for Complex Litigation,* Part I, §§ 1.90–1.93 (rev. ed. 1973).

Although some parties suggest otherwise, we believe that the advantages of coordinated or consolidated pretrial proceedings can best be obtained by selecting the Southern District of New York as the transferee forum for this litigation. While no discovery has taken place in the Massachusetts action, Judge Lee P. Gagliardi, to whom the New York action has been assigned, has become acquainted with the factual background of these actions inasmuch as discovery and other pretrial proceedings have proceeded in the action before him. Hence, he is clearly in the best position to supervise this litigation toward its most just and expeditious termination. *See In re Griseofulvin Antitrust Litigation,* 395 F.Supp. 1402, 1403 (Jud.Pan.Mult.Lit.1975). Fur-

thermore, many of the defendants are or were headquartered in the New York vicinity and, as a result, key documents and witnesses are located there.

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the District of Massachusetts be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lee P. Gagliardi for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the action pending in that district and listed on Schedule A.

SCHEDULE A

**Southern District of New York**

| Mark P. Binstein v. Haven Industries, Inc., et al. | Civil Action No. 74 Civ. 4792 |
|---|---|

**District of Massachusetts**

| Christine Lemmelin, et al. v. Haven Industries, Inc., et al. | Civil Action No. 75–3419–M |
|---|---|