In re NATIONAL ARBITRATION FORUM ANTITRUST LITIGATION.

MDL No. 2122.

United States Judicial Panel on Multidistrict Litigation.

Feb. 3, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN,* W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER.*

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendants National Arbitration Forum, Inc.; National Arbitration Forum, LLC; and Dispute Management Services, LLC d/b/a Forthright (collectively the Forum) and plaintiffs in four actions pending in the District of Minnesota have separately moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in that district. This litigation currently consists of a total of eleven actions: seven actions pending in the District of Minnesota and one action each in the Middle District of Alabama, the Middle District of Florida, the Middle District of Georgia, and the Western District of Washington, as listed on Schedules A and B.[1]

Responding defendants Accretive, LLC, Agora Fund I GP, LLC, J. Michael Cline, Axiant, LLC, and Mann Bracken, LLP, support centralization. MBNA America Bank, N.A. (MBNA), which was a counterclaim defendant in the Middle District of Georgia *Barkwell* action, also submitted a brief in support of centralization, while plaintiff in the Western District of Washington action submitted a statement of non-opposition. The Middle District of

---

\* Judges Hansen and Trager took no part in the disposition of this matter.

**1.** One additional related action is currently pending in the Central District of California.

That action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

Florida *Pelletier* plaintiff and CACV of Colorado, LLC (CACV), a defendant in *Pelletier,* oppose inclusion of that action in centralized proceedings. The Middle District of Georgia *Barkwell* defendant/counterclaim plaintiff and Portfolio Recovery Associates, LLC (Portfolio Recovery), the plaintiff and remaining counterclaim defendant in *Barkwell,* oppose inclusion of that action in centralized proceedings.[2]

■ On the basis of the papers filed and the hearing session held, we find that the ten actions listed on Schedule A involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All ten actions involve allegations that the Forum, a large consumer debt arbitration company, operated a biased arbitration process and concealed from the public its ties to the collection industry. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization, the Middle District of Florida *Pelletier* plaintiff principally argues that his action involves only Florida statutory law claims brought on behalf of a putative Florida class, while CACV, a defendant in *Pelletier,* argues that centralization might deprive it of unique defenses and settlement option. We respectfully disagree with these arguments. Centralization *per se* has no effect

on the claims or defenses in any transferred action, and it is hardly unusual that the circumstances of an MDL require a transferee judge to apply the laws of one or more states. *See, e.g., In re Data General Corp. Antitrust Litigation,* 510 F.Supp. 1220, 1227 (J.P.M.L.1979). In addition, the putative class in *Pelletier* is apparently encompassed within the class definition found in the consolidated amended complaint in the District of Minnesota actions. *See In re Sugar Industry Antitrust Litigation (East Coast),* 437 F.Supp. 1204, 1207 (J.P.M.L.1977).

■ With respect to the Middle District of Georgia *Barkwell* action listed on Schedule B, however, we are not persuaded that inclusion of this action in centralized proceedings would serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation at the present time. Although one of the Forum entities was named as a counterclaim defendant in *Barkwell,* the counterclaim plaintiff recently dismissed his counterclaims against that entity and MBNA with prejudice.[3] Portfolio Recovery, the sole remaining counterclaim defendant in *Barkwell,* is not a party in any of the other constituent actions, and it opposes inclusion of the action in centralized proceedings. In sum, the *Barkwell* action is, in its present posture, at best peripherally related to the other constituent actions in this docket.

■ We are persuaded that the District of Minnesota is an appropriate transferee district for pretrial proceedings with re-

2. Although the Middle District of Alabama *Daniels* defendant/counterclaim plaintiff submitted a brief in opposition to centralization, she withdrew that opposition at oral argument, based on assurances by moving plaintiffs' counsel that moving plaintiffs would cooperate in allowing discovery specific to

*Daniels* to proceed within the context of the MDL.

3. The moving Forum defendants have stated that in light of this dismissal, they no longer seek inclusion of *Barkwell* in centralized proceedings.

spect to the actions listed on Schedule A. Seven of those ten actions are already pending in that district; the Forum's headquarters are located there; plaintiffs have filed a consolidated amended complaint; a scheduling order is in place; and discovery is underway. Last but certainly not least, the Honorable Paul A. Magnuson, who is already overseeing the seven District of Minnesota constituent actions, is an experienced transferee judge who has the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Paul A. Magnuson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied as to the action listed on Schedule B.

IT IS FURTHER ORDERED that this litigation be renamed "In re: National Arbitration Forum Trade Practices Litigation."

### SCHEDULE A

MDL No. 2122 — **IN RE: NATIONAL ARBITRATION FORUM ANTITRUST LITIGATION**

*Middle District of Alabama*

*Adriane Daniels v. Worldwide Asset Purchasing, LLC, et al.,* C.A. No. 2:09-920

*Middle District of Florida*

*Reginald Pelletier v. National Arbitration Forum, Inc., et al.,* C.A. No. 8:09-2229

*District of Minnesota*

*Kerry S. Sydnes v. National Arbitration Forum, Inc., et al.,* C.A. No. 0:09-1939

*Kelly Marquis, et al. v. National Arbitration Forum, Inc., et al.,* C.A. No. 0:09-1971

*Tommi Head v. National Arbitration Forum, Inc., et al.,* C.A. No. 0:09-1977

*Robert Burgi v. National Arbitration Forum, Inc., et al.,* C.A. No. 0:09-2200

*Karen Wicker, et al. v. National Arbitration Forum, Inc., et al.,* C.A. No. 0:09-2508

*Amy Wilder v. National Arbitration Forum, Inc., et al.,* C.A. No. 0:09-3168

*Anthony Magnone, et al. v. Accretive, LLC, et al.,* C.A. No. 0:09-3722

*Western District of Washington*

*Shirley Roarig v. National Arbitration Forum, Inc., et al.,* C.A. No. 3:09-5685

### SCHEDULE B

MDL No. 2122 — **IN RE: NATIONAL ARBITRATION FORUM ANTITRUST LITIGATION**

*Middle District of Georgia*

*Portfolio Recovery Associates, LLC v. Eric Barkwell,* C.A. No. 4:09-113