JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

## IN RE: NATIONAL ARBITRATION FORUM TRADE PRACTICES LITIGATION.

**Alfred T. Giuliano, etc. v. MB Solutions Second Acquisition Corp., et al., D. Delaware, Bky. Advy. No. 1:10–50861.**

**MDL No. 2122.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 6, 2010.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Alfred T. Giuliano, the Chapter 7 trustee for the estate of Axiant, LLC (Axiant), moves the Panel to vacate our order conditionally transferring this District of Delaware bankruptcy adversary action (*Giuliano*)[1] to the District of Minnesota for inclusion in MDL No. 2122. All defendants[2] in *Giuliano* oppose the trustee's motion to vacate.

1. The Panel has previously transferred multiple adversary proceedings under Section 1407. *See In re Phar–Mor, Inc., Securities Litigation,* MDL No. 959, 1994 WL 41830, at *1 n. 2 (Jud.Pan.Mult.Lit. Jan. 31, 1994) ("Because federal bankruptcy jurisdiction is vested in district courts, the Panel has never found any jurisdictional impediment to transfer of adversary proceedings as tag-along actions in multidistrict dockets").

2. The National Arbitration Forum, Inc.; National Arbitration Forum, LLC; and Dispute Management Services, LLC, d/b/a Forthright

After considering all argument, we find that this action involves common questions of fact with actions in this litigation previously transferred to the District of Minnesota, and that transfer of the action to that district for inclusion in MDL No. 2122 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Minnesota was a proper Section 1407 forum for actions involving allegations that the Forum, a large consumer debt arbitration company, operated a biased arbitration process and concealed from the public its ties to the collection industry. *See In re: National Arbitration Forum Antitrust Litigation,* 682 F.Supp.2d 1343, 1345–46 (U.S.Jud.Pan. Mult.Lit.2010).

In his motion to vacate, the trustee argues, *inter alia,* that *Giuliano* also involves numerous unique bankruptcy claims. Transfer under Section 1407, however, is "not dependent upon a total identity of parties and issues but rather on the existence of common questions of fact." *In re Haven Industries, Inc. Securities Litigation,* 415 F.Supp. 396, 398 (Jud.Pan. Mult.Lit.1976). A review of the amended complaint in *Giuliano* leaves no doubt whatever that the action and the actions already in MDL No. 2122 share multiple factual issues.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Paul A. Magnuson

(collectively the Forum); J. Michael Cline; Agora Fund I GP, LLC; Accretive, LLC; Agora Fund I, LP; Agora Fund Coinvestment Partners, LP; Agora Fund I Holding Partners;

for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

MB Solutions Second Acquisition Corp.; Jay Haverty; Madhu Tadikonda; and Jeff Rodick.
\* Judge Heyburn took no part in the decision of this matter.